[Crim. No. 8892. Fourth Dist., Div. One. Nov. 28, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN PAUL SEAMAN, Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, Patrick J. Hennessey and Elaine A. Alexander for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Patricia D. Benke, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.—** ██ John Paul Seaman appeals the judgment after he pleaded guilty to two robberies in which he used a gun. He claims the court erred in making his California sentence consecutive to any he might be serving in Florida.

At the time of his plea Seaman was facing two sentences in Florida. Had his California sentence been concurrent with the Florida ones, Seaman would have been made available to Florida authorities for incarceration there (Pen. Code, § 2900; *In re Portwood,* 236 Cal.App.2d 321, 323 [45 Cal.Rptr. 862]). He claims he has a right to demand to serve his time in Florida. We know of no such right and Seaman has not cited any authority for this proposition. Having committed crimes in California Seaman has no right to insist on incarceration in a foreign jurisdiction.

At the sentencing hearing the court said it wanted to keep Seaman in California for his full term which could only be accomplished by making the California and Florida sentences consecutive. Seaman claims these are not legitimate sentencing objectives. However, the Legislature has

declared the purpose of imprisonment is punishment (Pen. Code, § 1170, subd. (a)(1)) and has set out specific terms of imprisonment for committing different crimes. Seaman committed crimes in California against residents of California. The state has a legitimate interest in seeing he is punished in the manner intended by the Legislature. If there is no other way to assure he will serve his full sentence, other than by consecutive sentencing, the court has the power to exercise this option.

The judgment is affirmed.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied December 13, 1978, and appellant's petition for a hearing by the Supreme Court was denied January 24, 1979.