[Crim. No. 39674. Second Dist., Div. Five. July 8, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE MODIA WHITE, Defendant and Appellant.

COUNSEL

Baird Brown, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Susan Lee Frierson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FEINERMAN, P. J.—Defendant, Lawrence Modia White, appeals from judgments in two cases sentencing him to consecutive terms in state prison and county jail after revocation of probation in each of the cases. He contends (1) that the trial court improperly considered defendant's postprobationary activities in sentencing him after revocation of probation; and (2) that the trial court did not have jurisdiction to revoke his probation in one of the cases.

We have reviewed the entire record and find no merit in defendant's contentions. Accordingly, we affirm the judgments imposing sentence.

BACKGROUND

*Case No. A-335946*

Defendant pled guilty to receiving stolen property (Pen. Code, § 496) on March 15, 1978. On July 27, 1978, proceedings were suspended and defendant was placed on formal probation for a period of three years on condition, among others, that he spend the first year in the county jail.

*Case No. A-613511*

Charged with felony wife beating (Pen. Code, § 273d) and assault by means of force likely to produce great bodily injury (Pen. Code, § 245,

subd. (a)), defendant pled guilty to the lesser included offense of battery (Pen. Code, § 242), a misdemeanor, on August 7, 1978. On September 5, 1978, proceedings were suspended and defendant was placed on informal probation for a period of two years on condition, among others, that he spend the first 90 days of his probationary period in the county jail. The trial court ordered the sentence to "run consecutively to time currently being served."

### Probation Revocation Proceedings

As a result of a conviction of misdemeanor battery (Pen. Code, § 242) against his wife in 1979 and a failure to report to his probation officer in September and October 1980, defendant's probation was revoked in both case number A-335946 and case number 613511.

On January 19, 1981, defendant was found to be in violation of probation as to both cases. On January 27, 1981, defendant was sentenced to state prison for the term prescribed by law in case number A-335946, with credit for time served, good time and work time. The sentence was ordered to run consecutively to the sentence ordered in case number A-613511. Defendant was sentenced to the Los Angeles County Jail for one year in case number A-613511 with credit for time served, good time and work time.

### Did the trial court improperly consider defendant's postprobationary activities in sentencing him?

■ Defendant contends that the trial court impermissibly considered events occurring after probation was granted on both cases in 1978 in sentencing him to consecutive terms in state prison and county jail. He singles out the trial court's alleged reliance on his 1979 battery conviction in revoking probation and concludes that this action violates rule 435(b)(1) of the California Rules of Court, which provides in relevant part: "The length of the sentence shall be based on circumstances existing at the time probation was granted, and subsequent events may not be considered in selecting the base term nor in deciding whether to strike or specifically not order the additional punishment for enhancements charged and found." Defendant also asserts that the holding in *People* v. *Angus* (1980) 114 Cal.App.3d 973, 989 [171 Cal.Rptr. 5] is supportive of his position that the trial court improperly considered his postprobation activities.

At the outset we should note that in case number A-335946 we are dealing with a sentence to state prison imposed under the indeterminate sentence law in force at the time of the original sentencing. The actual length of time to be spent in custody was not and could not be set by the trial judge at the time of sentencing. In case number A-613511 we are dealing with a suspended sentence for a misdemeanor where the maximum time that could be imposed was one year in the county jail.

It is fundamental that upon revocation of probation the trial court was empowered to "pronounce judgment for any time within the longest period for which the person might have been sentenced" where, as in the case at bench, imposition of sentence had been initially suspended. (Pen. Code, § 1203.2, subd. (c).) It is also manifest that "[w]hen imposition of sentence has been suspended, and the defendant placed on probation, the termination of probation requires that the court impose sentence on the original offense." (*People* v. *Billetts* (1979) 89 Cal. App.3d 302, 309 [152 Cal.Rptr. 402].) In *People* v. *Angus*, the court made clear that punishment for the acts which constituted the probation violation must be reserved for the new proceedings. It rejected the argument that revocation was improper "'unless the sentence imposed was appropriate as a punishment for the acts which constituted the probation violation.'" (*People* v. *Angus, supra*, 114 Cal.App.3d 973, 989.)

Defendant's contentions are a tortured construction of these rules. Obviously, a court must consider postprobation events to determine whether or not there has been a violation of probation and, if probation has been revoked, whether the defendant should be reinstated on probation or incarcerated. Penal Code section 1203.2, subdivision (a) specifically provides that ". . . the court may revoke and terminate such probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his probation, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he has been prosecuted for such offenses. . . ."

California Rules of Court, rule 435(b)(1) has no application to the decision making process delimiting the initial inquiry—namely whether or not to incarcerate the defendant or reinstate him to probation. That rule merely states that events subsequent to the original grant of probation cannot be considered in determining the *length* of the sentence

under the Determinative Sentencing Act. That choice must be based solely on the circumstances existent at the time probation was granted.

In the instant case defendant's postprobation activities had no influence on the length of the state prison term imposed by the court in case number A-335946 because, as an indeterminate sentence, the actual length of time to be spent in custody was not set by the court at the time of sentence. As to case number A-613511, there is nothing in the record indicating that the sentence imposed was the result of any improper consideration of postprobation events. In the absence of such a record, it must be presumed that the trial court acted properly in sentencing defendant to time within the longest period to which he could be sentenced. (Pen. Code, § 1203.2, subd. (c).)

Similarly, there is no indication in the record that the court handling the probation violation hearings imposed consecutive sentences on the defendant because of his postprobation conduct. The original sentences were made consecutive, were suspended, and the defendant was placed on probation on two separate grants of probation. He violated the terms of each probationary grant by reason of his conviction of a battery while he was on probation. On the record before us, it was within the discretion of the court hearing the probation violations to make the defendant's terms consecutive. (*People v. White* (1976) 16 Cal.3d 791, 797 [129 Cal.Rptr. 769, 549 P.2d 537].)

> *Did the trial court have jurisdiction to revoke the*
> *defendant's probation in case number A-613511*
> *on November 7, 1980?*

■ Defendant contends that the trial court did not have jurisdiction to revoke his probation in case number A-613511 on November 7, 1980, because probation was revoked after termination of his probation. He asserts that the court's September 5, 1978, judgment in case number A-613511, that his sentence was to run consecutively to time being served in case number A-335946, applied only to jail time and not to the overall probation period.

■ An order revoking probation must be made within the period of time circumscribed in the order of probation. Otherwise, the probationary period terminates automatically on the last day. (Pen. Code, § 1203.3; *In re Daoud* (1976) 16 Cal.3d 879, 882 [129 Cal.Rptr. 673, 549 P.2d 145]; *People v. Smith* (1970) 12 Cal.App.3d 621, 625 [90

Cal.Rptr. 811].) If no order of modification or revocation is made before the end of the period of probation delineated in the original or any subsequent probation grant, the court has no authority or jurisdiction over the defendant. (*In re Griffin* (1967) 67 Cal.2d 343, 346 [62 Cal. Rptr. 1, 431 P.2d 625].)

█ The trial court's September 5, 1978, order in case number A-613511 clearly indicates that the jail time ordered to be served was to be the *first* ninety days of defendant's period of probation. This means that his probationary period could not start running until he started serving his jail time. The defendant could not have started his 90 days term in case number A-613511 until he completed the one-year county jail term imposed in case number A-335946. The defendant testified at his probation violation hearing held on January 27, 1981, that he had spent a year in the county jail. The record does not indicate the precise amount of time he spent in jail on case number A-335946, but we can and do take judicial notice of the fact that defendant could not have finished the year of jail time imposed as a condition of probation in case number A-335946 before November 7, 1978. As a result, the defendant could not have commenced serving the first 90 days of his probationary term in case number A-613511 prior to November 7, 1978. Thus, the revocation of probation in that case on November 7, 1980, was condignly within the two-year period of probation.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.