[Crim. No. 12998. Fourth Dist., Div. Two. Feb. 15, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
GILBERT ANGEL CHAGOLLA, Defendant and Appellant.

COUNSEL

H. Randall Rubin, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**RICKLES, J.**—On November 5, 1979, defendant Chagolla entered a guilty plea to a charge of attempted murder (Pen. Code, § 217)[1] and admitted an enhancing allegation, i.e., intentional infliction of great bodily injury (§ 12022.7).

He was sentenced to state prison for seven years on December 3, 1979. This sentence included a midrange term of four years for the attempted murder and an enhancement of three years for the great bodily injury. The trial court suspended execution of this sentence and placed Chagolla on probation for three years. The probation order contained a condition that he violate no laws.

On July 14, 1981, a complaint was filed in the Riverside Municipal Court charging Chagolla with robbery (§ 211). On August 17, 1981, the complaint was amended to charge Chagolla with being an accessory to a felony, a misdemeanor (§ 32). On that same date, he entered a plea of nolo contendere to the accessory charge and the robbery charge was dismissed. Based on this conviction, probation was denied and he was committed to the custody of the Sheriff of Riverside County for a period of 180 days. The probation department filed a petition alleging Chagolla violated his probation by violating the law. The trial court, at the probation revocation hearing, took judicial notice of the Riverside Municipal Court records to prove Chagolla's conviction of a violation of section 32. This was at the request of the People and over Chagolla's objection. No additional evidence was presented either by the People or Chagolla. Chagolla was found in violation of probation and probation was ordered revoked. The trial court ordered the suspended state prison sentence into execution and committed Chagolla to state prison for four years on the attempted murder, staying that portion of the previously ordered sentence of three years for the great bodily injury.

[1]Unless otherwise indicated, all section references in this opinion are to the Penal Code.

This order effectively modified the seven-year state prison commitment to four years.

Chagolla appeals from this commitment, contending: (1) the plea of nolo contendere was defective; (2) conviction based on the nolo contendere plea was insufficient to provide the basis for probation violation; and (3) the court erred in imposing a state prison sentence without stating on the record the reasons.

One additional issue is called to our attention by the People. The People contend the trial court acted in excess of its jurisdiction by reducing the previously imposed sentence of seven years to four years.

### DISCUSSION

Chagolla's first and third contentions are totally without merit. Over a decade ago, the Supreme Court in *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 305-307 [110 Cal.Rptr. 329, 515 P.2d 273], approved the procedure involved here. ██ "[A] guilty plea entered through counsel is valid so long as it is accompanied by an adequately documented showing that the defendant was aware of his constitutional rights and knowingly and intelligently waived them. . . ." The coalescence of Chagolla's counsel's plea of nolo contendere to the charges and Chagolla's personally executed acknowledgment and waiver of his constitutional rights satisfies *Mills*.

██ Chagolla belatedly complains the trial court erred in failing to state reasons for ordering into execution the suspended state prison sentence. None are necessary. When Chagolla was sentenced to state prison in 1979, failure to state reasons for the imposition of the state prison sentence would have been appealable at that time. That judgment is now final. (See *People* v. *Flores* (1974) 12 Cal.3d 85, 93, fn. 6 [115 Cal.Rptr. 225, 524 P.2d 353].) Failure to state reasons for the state prison commitment should have been called to our attention for review when the sentence was imposed. Chagolla did not, we will not.

██ Chagolla's second contention, i.e., the finding of probation violation based on the nolo contendere plea, though intellectually intriguing, is also without merit. Chagolla has cited no case, nor can we find any, supporting his position. In 1963, the Legislature added subdivision (3) to section 1016 to allow a plea of nolo contendere in criminal actions. This amendment was the result of a policy decision to provide for a criminal conviction and to avoid its later use in civil matters. The nolo plea expedited the resolution of criminal cases involving civil liability by removing the threat of collateral estoppel after a plea of not guilty or a judicial admission after a plea of

guilty. The Legislature did not provide for a similar exclusion of the collateral use of a conviction based on a plea of nolo contendere in criminal actions. The full use of the criminal conviction based on a plea of nolo contendere in later criminal actions was neither prohibited by the Legislature nor is it constitutionally compelled. We fail to see any reason to expand the policies of the Legislature by preventing the collateral use of convictions based on nolo pleas in later criminal actions. The trial judge's finding Chagolla was in violation of his probation by taking judicial notice of his conviction of a crime after a nolo plea was proper.

 The People suggest the trial court was without jurisdiction to modify the previously imposed sentence of seven years. We agree.

Chagolla advances a number of reasons militating against our consideration of the People's contention: (1) The People should be precluded from raising the sentencing issue, having failed to file a direct appeal; (2) the record is not clear judgment was pronounced and a seven-year sentence imposed at the initial sentencing hearing; and (3) there is no limitation on the power of the court to stay the execution of part of the sentence and the 12022.7 enhancement, not being mandatory, was subject to being stayed by the court.

We answer these contentions in the order presented. It is well established that when the trial court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the trial court or the reviewing court. (*People* v. *Benton* (1979) 100 Cal.App.3d 92, 102.) Chagolla, having requested a review of the validity of the sentencing in this matter, cannot complain if we are inclined to do so. "[O]nce [appellant] lays his cause at an appellate doorstep he subjects himself to thorough scrutiny of the proceedings below." (*People* v. *Hickey* (1980) 109 Cal.App.3d 426, 435 [167 Cal.Rptr. 256].) It is likewise settled that where sentence is imposed and execution thereof suspended, an appeal may be taken from the sentence to state prison as the final judgment or an order granting probation as an order made after judgment. (*People* v. *La Fave* (1979) 92 Cal.App.3d 826 [156 Cal.Rptr. 63]; see also *People* v. *Warner* (1978) 20 Cal.3d 678, 682, fn. 1 [143 Cal.Rptr. 885, 574 P.2d 1237].) The original sentence of seven years became a final judgment as neither Chagolla nor the People appealed therefrom. The trial court was without jurisdiction to modify or change the final judgment and is required to order into execution that judgment after revocation of probation. The attempted modification of the previously imposed sentence was beyond the trial court's jurisdiction and subject to review at this time.

Chagolla's contention the record is not clear that judgment was pronounced and a seven-year sentence imposed at the initial sentencing hearing is refuted by a review of the record of the sentencing hearing on December 3, 1979.

"THE COURT: In the matter of Gilbert Angel Chagolla, CR-16636, the defendant is *committed to State Prison* for the middle term of four years on 217 PC plus the additional term of three years on the violation of 12022.7, and execution of said sentence is suspended for the purpose of granting defendant probation for a period of three years . . . ." (Italics supplied.) This clear demonstration of the trial court's intention to commit Chagolla to state prison was later confirmed:

"THE COURT: . . . If the Court found by clear and convincing evidence you were in violation, your probation could be revoked, and if it were to remain revoked, you would then be committed to State Prison for the sentence already pronounced which is a period of seven years." The court could not have more clearly stated its intentions in pronouncing the original sentence.

Chagolla's reliance on *People* v. *Lopez* (1983) 147 Cal.App.3d 162 [195 Cal.Rptr. 27], and *People* v. *White* (1982) 133 Cal.App.3d 677 [184 Cal.Rptr. 134], for the proposition there is no limitation on the power of the court that revokes probation to stay execution of part of the sentence is misplaced. Neither *Lopez* nor *White* concern the problem we are faced with here. In *Lopez,* the trial court stayed an enhancement at the original imposition of sentence. *White* involved a suspension of the execution of the entire sentence followed by a probation revocation. Here, we are concerned with a sentence to state prison with the execution suspended followed by a revocation of probation. The sentencing rules severely limit the power of the court in this situation. California Rules of Court, rule 435 entitled "Sentencing upon Revocation of Probation" provides in part:

"(b) Upon revocation and termination of probation pursuant to section 1203.2, when the sentencing judge determines that the defendant shall be committed to prison:

" . . . . . . . . . . . . . . . . . . . . . .

"(2) If the execution of sentence was previously suspended, the judge *shall* order that the judgment previously pronounced be in full force and effect and that the defendant be committed to the custody of the Director of Corrections for the *term prescribed in that judgment.*" (Italics supplied.) This rule required the current trial judge to sentence Chagolla to the full

seven-year term after revoking his probation. We would also point out the original sentence resulted from a plea bargain and could not be unilaterally changed by the former or the current trial judge. (See *People* v. *Godfrey* (1978) 81 Cal.App.3d 896, 903 [147 Cal.Rptr. 9].) The present trial court was without jurisdiction to reevaluate reasons behind the original trial court's determination that a seven-year sentence was appropriate.

The trial court's stay of the three-year enhancement is ordered set aside. Chagolla's sentence is modified to include the previously ordered three-year term as an enhancement under section 12022.7. The trial court is ordered to modify its records and notify the Department of Corrections to reflect the corrected judgment. In all other respects, the judgment is affirmed.

Kaufman, Acting P. J., and McDaniel, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 26, 1984. Kaus, J., was of the opinion that the petition should be granted.