[Crim. No. 15296. Fourth Dist., Div. One. May 8, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM LEROY, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Barbara A. Smith, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, A. Wells Peterson, and Racquel M. Gonzales, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**WORK, J.**—William Leroy's appeal claims the prosecutor breached a plea bargain by not asking the trial court to run his California prison term concurrently with that imposed on separate charges in Kansas to which he pleaded nolo contendere in reliance on that promise. The San Diego prosecutor instead successfully urged the trial court to impose the California prison term consecutively to his Kansas sentence. ▮▮▮ We hold, defendants simultaneously facing criminal charges in California and in another jurisdiction, who are induced to plead guilty or no contest in the foreign court by a dispositional promise jointly made by prosecutors in both jurisdictions, are entitled to specific performance of so much of the bargain as affects the California disposition where there is no meaningful alternative remedy. We remand for resentencing.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1981 Leroy was convicted of burglary in San Diego County and sentenced to a term of seven years. Because of unusual circumstances, Leroy was granted probation with one year in local custody.

While on probation, Leroy was charged with burglary in Kansas. His first Kansas trial ended with a hung jury. Leroy negotiated a three-way bargain with prosecuting attorneys in Kansas and San Diego.[1] Under the agreement, Leroy pleaded no contest to the Kansas charge after the San Diego prosecutor agreed to recommend Leroy's California probation revocation sentence be concurrent to his Kansas sentence and the Kansas prosecutor agreed "it is an essential element of this plea agreement that any time served by the defendant on the above charges will be credited to any time imposable

---

[1] Leroy would be in grave danger of physical harm should he be required to serve time in a California prison, and this was his paramount concern in entering into the plea agreement. In fact, at his California sentencing, he even offered to waive the credit for the one year previously served if he could do his time in Kansas.

by the court in the State of California." The gist of the San Diego prosecutor's agreement was Leroy should spend a minimum of four years in actual custody.

Leroy was sentenced to an indeterminate Kansas prison term of three to ten years. His Kansas attorney wrote Kansas prison officials requesting he not be paroled until at least four years of his term had been served.

At Leroy's probation revocation hearing in San Diego, the deputy district attorney asked the court to impose a consecutive sentence because he believed the Kansas sentence did not guarantee four years of actual custody, and did not bind him to the three-way agreement.

The trial court, not bound by the plea agreement, accepted the prosecutor's reasoning and imposed its sentence consecutively to that imposed by Kansas.

<h2 style="text-align:center">A Consecutive Sentence Was Within<br>the Trial Court's Discretion</h2>

█ Leroy initially contends his consecutive sentence violated California Rules of Court, rule 435(b)(1). Specifically, Leroy correctly asserts the only reason cited by the trial court for imposing the sentence consecutively was the Kansas offense which constituted a probation violation. Leroy argues the sentence thus runs afoul of rule 435(b)(1), which states: "The *length* of the sentence shall be based on circumstances existing at the time probation was granted, and subsequent events may not be considered *in selecting the base term nor in deciding whether to strike or specifically not order the additional punishment for enhancements charged and found.*" (Italics added.)

The rule is specifically addressed only to the *length* of the sentence, not to whether the sentence will run concurrently or consecutively with other sentences imposed.

Leroy's reliance on *People* v. *White* (1982) 133 Cal.App.3d 677 [184 Cal.Rptr. 134], is misplaced. *White* did not address the issue whether rule 435(b)(1) precludes imposing a sentence on probation revocation consecutively to a sentence imposed for an independent crime which itself constitutes the probation violation. In *White,* a defendant was granted probation for two separate offenses. Probation on each was revoked following a third conviction. Sentences on each of the first two convictions were ordered to run consecutively. Unlike here, there is no inference in *White* they also ran consecutive to the third conviction which caused the revocation, or that the

circumstances of the third crime were considered in determining to impose the sentences consecutively. However, in the absence of a rule prohibiting the court from considering the facts of the offense which, in part, triggered revocation, we believe it is a proper factor for the trial court to weigh in determining whether to sentence consecutively or concurrently. There is little practical difference in following this procedure when sentencing on the revoked probation and in sentencing the later conviction consecutively to the earlier, reaching the same result.

## The Plea Bargain Must Be Specifically Enforced

There is no question the deputy district attorney violated his agreement with Leroy and prosecuting authorities in the state of Kansas. Further, by imposing Leroy's sentence consecutive to the one in Kansas, the trial court made it impossible for the Kansas plea bargain to be carried out by preventing Kansas from crediting Leroy's Kansas time served to that imposable by California.

■ A prosecutor's violation of a plea agreement is a serious matter requiring a remedy in the interest of the efficiency and integrity of the judicial system. (*Santobello* v. *New York* (1971) 404 U.S. 257 [30 L.Ed.2d 427, 92 S.Ct. 495]; *People* v. *Mancheno,* (1982) 32 Cal.3d 855, 859-860 [187 Cal.Rptr. 441, 654 P.2d 211].)

The People's claim no plea bargain was made is contradicted by the record.[2] ■ The People's argument we are without jurisdiction to address the violation of the San Diego prosecutor's agreement because it was reached in Kansas, is frivolous; the agreement was intended to, and did, relate to both the Kansas and San Diego cases. The major probation violation was the Kansas conviction induced by the bargain.

*People* v. *Seaman* (1978) 86 Cal.App.3d 815 [150 Cal.Rptr. 430], relied on by the People is inapposite; no plea bargain was involved in *Seaman*.

Finally, the contention a violation of the plea agreement was justified to insure the intent of the agreement, to wit, Leroy would spend four actual years in custody, is meritless. Even were Leroy placed on Kansas parole in less than four years, he must still serve the balance of any concurrent California prison term the trial court might impose. The Kansas sentence is thus not material to the agreement.

[2]The agreement was contained in a letter to the Kansas prosecutor. The specific intent of the San Diego prosecutor to engage in the Kansas, as well as the San Diego, bargain is succinctly expressed: "you have been very helpful to me in resolving my case against Mr. Leroy, and I hope I have been as much assistance to you."

 The only question here is not whether a remedy must be given for violation of the plea agreement, but which remedy is proper. The cases recognize alternative remedies. Either the plea agreement may be specifically enforced, or the defendant may be allowed to withdraw his plea. (*Santobello* v. *New York, supra,* 404 U.S. 257; *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 13-14 [136 Cal.Rptr. 409, 559 P.2d 1028].) This court lacks jurisdiction to allow Leroy to withdraw his Kansas plea. Therefore, the only remedy is specific enforcement. This can be achieved by remanding the case to the Superior Court of San Diego County to be heard before a different trial judge. (*People* v. *Kaanehe, supra,* at p. 15.)

Leroy's request for this court to directly order a modification of his sentence would give him a greater benefit than that for which he bargained because the plea agreement was admittedly not binding on the trial court. He makes no showing a *Kaanehe* remedy is insufficient.[3]

DISPOSITION

Reversed and remanded for resentencing consistent with this opinion.

Staniforth, Acting P. J., and Wiener, J., concurred.

A petition for a rehearing was denied May 31, 1984, and the opinion was modified to read as printed above.

---

[3]Although the bargain does not bind the trial court, we suggest there are relevant practical considerations which have not been addressed by the parties. If the sentences are not concurrent, the Kansas bargain fails and Leroy may withdraw his plea. Because he still denies his guilt on that offense, and a first trial resulted in a hung jury, the benefits to Kansas of forcing Leroy to a retrial may be minimal. If Leroy does withdraw his Kansas plea, his California probation revocation becomes questionable, and if he is not reconvicted of the Kansas offense, will certainly require further proceedings here. Even if the court determines to revoke on other factors, in the absence of a Kansas sentence, Leroy will serve a single term.