[No. D002292. Fourth Dist., Div. One. June 19, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
BRIAN RAY FORBES, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Certified for publication with the exception of sections I, III and IV. (See Cal. Rules of Court, rules 976(b), 976.1.)

**COUNSEL**

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van De Kamp, Attorney General, and Jay M. Bloom and Roberta L. Woodrick, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**LEWIS, J.**—Brian Ray Forbes was convicted by a jury of robbery (Pen. Code,[2] § 211) and of the use of a firearm in the commission of the robbery (§ 12022.5). The jury also found to be true the allegation Forbes had suffered a prior serious felony conviction (residential burglary) in the State of Florida. (§ 667, subd. (a), 1192.7, subd. (c)(18).) Forbes was sentenced to prison for the upper term of five years on the robbery conviction and two additional years for the firearm use. An additional five years was added to the sentence for the prior serious felony conviction. At the same hearing, Forbes was sentenced on another case of vehicle theft while released from custody on the primary offense to an additional two years and eight months consisting of one-third the two-year midterm plus a two-year enhancement. (Veh. Code, § 10851; § 12022.1; CR63492.) The vehicle theft term was ordered to run consecutively to the robbery term, making a total term of 14 years, 8 months. This sentence was ordered to be served consecutively to an uncompleted Florida sentence from which Forbes had escaped. Forbes appeals, asserting that the trial court failed to state legally proper or sufficient reasons for the 14-year, 8-month sentence to be served consecutively to the Florida prison sentence, failed to exercise discretion on whether to impose sentence for, strike or stay the prior felony conviction, and erred in finding the robbery victim "particularly vulnerable."

I*

. . . . . . . . . . . . . . . . . . . .

II

Forbes contends the decision to order the 14-year, 8-month sentence to be served consecutively to the Florida sentence was not based on "relevant criteria." Rule 409 of the California Rules of Court provides that relevant criteria enumerated in these rules shall be considered by the sentencing judge and shall be deemed to have been considered unless the record affirmatively reflects otherwise. Forbes in effect argues that the record does affirmatively reflect otherwise in that the decision of the trial court to make the California sentence consecutive to the Florida sentence was an afterthought of the court after the prosecutor raised the issue and was based on "a lack of assurance" as to the time he would actually serve in Florida. It is true that the trial court observed: "We don't know. We don't know. I

---

[2]All statutory references are to the Penal Code unless otherwise specified.

*See footnote, page 676, *ante*.

have no assurance of that. That's exactly what I asked counsel. If you lawyers present to me an assurance that he will serve 14 years in Florida, Florida can have him, but I don't have that assurance." However, the trial court had previously stated, in response to the prosecutor's argument that absent an order for consecutive sentences the defendant would automatically be allowed to go back to Florida: "No, no, no. My—I understand you now. And I'm sorry. I didn't. My intent is that he serve this sentence here in California, the 14 years, eight months here in California, and if that requires by staying [*sic*] that this sentence be served consecutively to the Florida sentence that is my intent. I do not intend and I thought I made it clear during our conversation, I said, 'If Florida's going to take him and he's going to serve 24 years, I would be very happy to have the citizens of Florida pick up the tab. But then I asked you and you said, 'No, we have no assurance of that.' So my intent is that he serve his California sentence here and then—." This court has previously held that the desire to have the defendant serve his full sentence for California crimes in the State of California is a legitimate reason for the imposition of consecutive sentences. (*People* v. *Seaman* (1978) 86 Cal.App.3d 815, 816-817 [150 Cal.Rptr. 430].) The court considered and relied on the record of appellant's prior convictions and sentences as reflected in the probation report which is appropriate and required under section 1203, subdivision (b), and California Rules of Court, rules 418, 419 and 433.

Only one aggravating factor is needed to support the imposition of consecutive sentences. (*People* v. *Bishop* (1984) 158 Cal.App.3d 373, 382-383 [204 Cal.Rptr. 502].) The court noted that the California and Florida crimes were separate crimes, invoking California Rule of Court, rule 425(a)(2), and then also stated the court's desire to have the appellant serve his full sentence for the California crimes in the prisons of California. Both were valid reasons to support the consecutive-sentence choice. The court did not err. Forbes inferentially argues he was taken by surprise by the court's consideration. This argument does not succeed. He requested both in writing and in oral argument before the court that the California and Florida sentences be made concurrent to each other and he was well aware of the issues to be considered by the court.

 Finally, Forbes argues the consecutive sentence was contrary to law in that the court would be required to return Forbes to Florida to serve the Florida sentence first. Forbes relies on California Rules of Court, rule 451(b), which states in part: "When a defendant is sentenced under section 1170 and the sentence is to run consecutively to a sentence imposed by . . . another state . . . , the judgment shall . . . order that the determinate term shall be served commencing upon the completion of the sentence imposed by the other jurisdiction."

It is a fundamental tenet of statutory construction that statutes should be construed so as to give a reasonable result consistent with the legislative purpose. (*People* v. *Veasey* (1979) 98 Cal.App.3d 779, 790 [159 Cal.Rptr. 755]; *People* v. *Superior Court* (1969) 70 Cal.2d 123, 132 [74 Cal.Rptr. 294, 449 P.2d 230].) The obvious purpose here is to require the specific statement of the consecutive nature of the sentence. It is not the purpose of this rule to require the trial court to contravene or ignore existing law regarding extradition or laws governing the transfer of prisoners from state to state. California cannot unilaterally require another state to take custody of a prisoner during the pendency of his California sentence. (*In re Tomlin* (1966) 241 Cal.App.2d 668, 669 [50 Cal.Rptr. 805]; *People* v. *Superior Court (Lopez)* (1982) 130 Cal.App.3d 776, 785 [182 Cal.Rptr. 132].) There must be a request for the prisoner from the foreign state (§ 1548.2) and the Governor of California may then surrender the prisoner or hold the prisoner until the California sentence has been completed. (§ 1553.1, subd. (a).)

Forbes relies on *People* v. *Veasey, supra,* 98 Cal.App.3d 779, in support of his argument that his consecutive sentence in California can only be imposed if he will be returned to Florida first to serve the prior sentence. *People* v. *Veasey* dealt with a defendant being sentenced in a California court who was also subject to a federal term ordered fully executed after the California judgment was pronounced. (See § 669.) That case required that if the federal term had not yet been served, the defendant should be ordered transferred to federal custody to complete the term before the state term would be recommenced. *Veasey* did not involve an escapee from prison confinement in another state, a category of defendant with respect to whom specific statutory provisions for extradition or transfer apply. (§§ 1548.2, 1551, 1553.1, 1389.) Those specific provisions, when brought into play, expressly permit holding the defendant "until he or she has . . . served his or her sentence in this state." (§ 1553.1, subd. (a).) Neither *Veasey* nor California Rules of Court, rule 451(b), deals with such an escapee situation or requires a result contravening specific statutory authority to hold the defendant until completion of the California sentence. Forbes' argument that he cannot be ordered to serve a consecutive sentence without first being returned to Florida is without merit. The effect of the order for the consecutive nature of the sentence may be that Forbes would get no credit on one sentence for time served on the other but that would depend on Florida adjudication of the issue. (See *People* v. *Superior Court (Lopez), supra,* 130 Cal.App.3d 776, 787.) Here, with no record of any request by Florida or Forbes to have Forbes transported to Florida, the California court would have no power to make or enforce such an order or to have any control over the serving of the Florida sentence. Further, Florida proceedings are necessary to resolve the question of credit. (See, e.g., §§ 1555.1, 1389.)

California's legitimate concern with having Forbes serve the sentence in California for the crimes committed in California is served by the order made by the trial judge.

III, IV*

. . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Wiener, Acting P. J., and Butler, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 16, 1986.

---

*See footnote, page 676, *ante*.