Filed 9/30/15

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID MARTINEZ,<br><br>    Defendant and Appellant. | F068719<br><br>(Super. Ct. No. MCR033113C)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Madera County. Joseph A. Soldani, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

Penal Code section 1203.2, subdivision (c)[1] provides, in pertinent part:  "Upon any revocation and termination of probation the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced.  *However, if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect.*"  (Italics added.)  Rule 4.435(b) states:  "On revocation and termination of probation under section 1203.2, when the sentencing judge determines that the defendant will be committed to prison:  [¶]  (1) If the imposition of sentence was previously suspended, the judge must impose judgment and sentence after considering any findings previously made and hearing and determining the matters enumerated in rule 4.433(c) [concerning, inter alia, the appropriate term].  [¶] … [¶]  (2) *If the execution of sentence was previously suspended, the judge must order that the judgment previously pronounced be in full force and effect* and that the defendant be committed to the custody of the Secretary of the Department of Corrections and Rehabilitation for the term prescribed in that judgment."  (Italics added.)

David Martinez (defendant) was sentenced to state prison in two cases.[2]  In case No. 2, the term was a subordinate term imposed pursuant to section 1170.1, subdivision (a).  Execution of defendant's aggregate sentence on the two cases was suspended and he was placed on probation.  When defendant was subsequently found in violation of probation in case No. 2, the trial court did not order the previously imposed

---

[1]     Further statutory references are to the Penal Code unless otherwise stated.  All references to rules are to the California Rules of Court.

[2]     For brevity and clarity, we have designated defendant's two cases chronologically as case No. 1 and case No. 2.  (See Facts and Procedural History, *post*, at p. 3.)  Only case No. 2 is before us on appeal.

subordinate term into effect; it instead imposed a full three-year prison term. Defendant challenges that order.[3]

We hold the trial court must, upon revocation and termination of probation, order the previously suspended sentence on the conviction into effect even when that sentence was a subordinate term imposed consecutively to a principal term that no longer exists.[4] Accordingly, we vacate the sentence and remand for resentencing.

## FACTS AND PROCEDURAL HISTORY

On April 15, 2008, defendant was convicted, in Madera County Superior Court case No. MCR025640C (case No. 1) of possessing heroin in violation of Health and Safety Code section 11350, subdivision (a). On June 18, 2008, he was admitted to three years' probation pursuant to section 1210.1, subdivision (a), subject to various terms and conditions.

On September 17, 2008, defendant was discovered injecting another man with heroin. Defendant dropped a plastic bindle that contained three small bindles of heroin. A complaint subsequently was filed in this case, Madera County Superior Court case No. MCR033113C (case No. 2), charging defendant with possessing heroin (Health & Saf. Code, § 11350, subd. (a); count 1) and being in a place where heroin was being used (*id.*, § 11365; count 2).

On September 25, 2008, defendant pled guilty, in case No. 2, to count 1, and count 2 was dismissed. That same day, he admitted his first drug-related violation of probation in case No. 1. He was continued on probation in case No. 1 under existing

---

[3] Another judge pronounced the original judgment. Judge Soldani presided over the subsequent proceedings that gave rise to the present appeal.

[4] *People v. Sellner* (Sept. 24, 2015, B261487) ___ Cal.App.4th ___, ___ [2015 Cal.App. Lexis 827, *4], which addresses resentencing under section 1170.18, states: "When the principal term is no longer in existence, the subordinate term must be recomputed." As we explain, *post*, we find this unpersuasive with respect to situations arising under section 1203.2, subdivision (c).

terms and conditions.  On January 7, 2009, defendant was admitted in case No. 2 to three years' probation pursuant to section 1210.1, subdivision (a), subject to various terms and conditions.

On July 20, 2009, after defendant was twice found in violation of probation in each case, judgment was pronounced.  In case No. 1, for the violation of Health and Safety Code section 11350, subdivision (a), the court imposed the aggravated term of three years and deemed it the principal term.  In case No. 2, for the violation of the same statute, it imposed a consecutive eight-month prison term (one-third of the middle term of two years) and deemed it the subordinate term.  The court then suspended execution of the aggregate sentence.  With respect to case No. 1, it ordered probation revoked and reinstated for a period of five years from June 18, 2008, subject to various terms and conditions.  With respect case No. 2, it ordered probation revoked and reinstated for a period of five years from January 7, 2009, also subject to various terms and conditions.

Following the pronouncement of judgment, defendant had periods of satisfactory progress in drug treatment programs.  These were interspersed with violations of probation that resulted in probation being reinstated.

On June 18, 2013, defendant's probationary period in case No. 1 expired.

On September 13, 2013, defendant's probation in case No. 2 was summarily revoked, based on allegations he violated the terms of his probation by failing to (1) comply with the felony drug court components to the satisfaction of the probation officer, and (2) enroll in and complete an inpatient substance abuse treatment program to the satisfaction of the probation officer and the program director.  On October 18, 2013, following a contested revocation hearing, the court sustained the allegations, and referred the matter to the probation department for preparation of a report and recommendation for sentencing.  In the report, the probation officer noted defendant originally was sentenced to eight months in case No. 2, but, since the probation grant in case No. 1 had expired, there no longer was a principal term to which the subordinate eight-month term

4.

could be attached.  Accordingly, the probation officer believed defendant was subject to a full term of 16 months, two years, or three years in prison.  The probation officer found the aggravated term warranted in light of the absence of mitigating factors, but recommended imposition of the middle term of two years, since one-third of the median term was previously imposed and suspended.

Defense counsel moved for imposition of the eight-month term.  Counsel argued the court had no authority to modify a sentence that was previously imposed with execution thereof suspended, or to increase a sentence after its formal entry into the minutes.

Sentencing took place on January 3, 2014.  Following argument, the court stated:

> "I think the Court's obligated to follow the law.  I think the law in this matter is clear that I can't sentence him … to a one-third the median term when there's only one case.  I think I'm obligated to pick one of the three terms.  And in this case, he was sentenced to three years and eight months.  It's just by luck of the draw that one case was deemed the aggravated term and the other … the subordinate term.  And basically what the Court's doing is just switching those, because the one deemed to be the aggravated term is no longer before the court.  So that's why I don't believe the Court can sentence somebody in a case where only … one charge and one case to one-third the median term in this case."

The court then found defendant had an "extremely lengthy record" and "extremely poor performance on probation," with numerous violations thereof.  It imposed the upper three-year prison term.

## DISCUSSION

An order imposing sentence, the execution of which is suspended and probation granted, is an appealable order.  (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) When that order is not appealed, it becomes final.  (*Ibid.*; *People v. Colado* (1995) 32 Cal.App.4th 260, 262; *People v. Chagolla* (1984) 151 Cal.App.3d 1045, 1049 (*Chagolla*).)  "This is so regardless of the fact the defendant will not serve the sentence

5.

unless the court revokes and terminates probation before the probationary period expires." (*People v. Ramirez*, *supra*, 159 Cal.App.4th at p. 1421.)

A sentencing court has a duty to impose the punishment prescribed by law (§ 12), and has no discretion to deviate from the statutorily specified penalty (*People v. Lara* (1984) 155 Cal.App.3d 570, 574). Section 1170.1, subdivision (a) provides, in pertinent part: "[W]hen any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements …. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed …."

In 2008, when defendant committed the offense in case No. 2 and was convicted in both cases, the sentence statutorily authorized for a violation of Health and Safety Code section 11350, subdivision (a) was a prison term of 16 months, two years, or three years. (Former Health & Saf. Code, § 11350, subd. (a); former § 18.)[5] A three-year term was imposed in case No. 1 and deemed the principal term, and an eight-month term was imposed in case No. 2 and deemed the subordinate term and ordered to run consecutive to the term imposed in case No. 1. This aggregate term was authorized and had become a final judgment by the time defendant's probation in case No. 2 was revoked.

---

[5] There is some suggestion the offense in case No. 1 was actually committed in 2006. The specified punishment was the same at that time. (See *People v. Johnson* (2015) 61 Cal.4th 674, 685 [sentencing courts generally are required to consider law in effect at time offense was committed].)

The trial court is without jurisdiction to modify or change a final judgment and is required to order into execution that judgment after revocation of probation. (*People v. Colado*, *supra*, 32 Cal.App.4th at p. 262; *Chagolla*, *supra*, 151 Cal.App.3d at p. 1049.)

In *Chagolla*, the defendant pled guilty to attempted murder and admitted a great bodily injury enhancement. He was sentenced to prison for seven years (four years for the attempted murder plus three years for the enhancement), but execution of sentence was suspended and he was placed on probation. Upon his subsequent violation of probation, the trial court revoked probation, ordered the suspended sentence into execution, and committed the defendant to prison for four years on the attempted murder conviction, while staying the previously ordered three-year enhancement. On appeal, the People contended the trial court acted in excess of its jurisdiction by reducing the previously imposed seven-year sentence to four years. (*Chagolla*, *supra*, 151 Cal.App.3d at pp. 1047-1048.) The appellate court agreed, stating: "The trial court was without jurisdiction to modify or change the final judgment and is required to order into execution that judgment after revocation of probation. The attempted modification of the previously imposed sentence was beyond the trial court's jurisdiction …." (*Id*. at p. 1049.) The appellate court observed that former rule 435(b)(2) "severely limit[ed]" the power of the trial court in this situation, mandating that the judgment previously pronounced be in full force and effect, and that the defendant be committed to prison for the term prescribed in that judgment. (*Chagolla*, *supra*, at p. 1050.)

In *People v. Howard* (1997) 16 Cal.4th 1081 (*Howard*), the defendant pled guilty, in 1994, to one count of transportation of cocaine base. The trial court imposed a four-year prison sentence, but suspended its execution and placed the defendant on probation. Although the defendant appealed from the denial of her motion to withdraw her guilty plea, she did not challenge the four-year term. Less than a year later, the trial court revoked the defendant's probation and ordered execution of that sentence. In the ensuing

appeal, the defendant contended the trial court improperly failed to exercise its discretion to impose a mitigated three-year term.  (*Id*. at pp. 1084-1085.)

The California Supreme Court granted review to "resolve a conflict among Court of Appeal decisions regarding a trial court's authority, on revoking probation, to reduce a probationer's previously imposed but suspended sentence."  (*Howard*, *supra*, 16 Cal.4th at p. 1084.)  The high court concluded:  "[I]f the trial court has suspended *imposition* of sentence, it ultimately may select any available sentencing option.  However, if, as here, the court actually imposes sentence but suspends its *execution*, and the defendant does not challenge the sentence on appeal, but instead commences a probation period reflecting acceptance of that sentence, then the court lacks the power, at the precommitment stage [citation], to reduce the imposed sentence once it revokes probation."**6**  (*Howard*, *supra*, at p. 1084.)

Relying in part on section 1203.2, subdivision (c) and former rule 435(b)(2) (now rule 4.435(b)(2)), the court explained:

> "The proper disposition of this case rests upon the important distinction, in probation cases, between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences.…

> "If the trial court in 1994 had originally suspended *imposition* of sentence before placing defendant on probation, the court unquestionably would have had full sentencing discretion on revoking probation.  When the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation.  [Citations.]  The probation order is considered to be a final judgment only for the 'limited purpose of taking an appeal therefrom.' [Citation.]  On the defendant's rearrest and revocation of her probation, '… the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced.' [Citations.]

---

**6**     *Chagolla* was cited with approval in *Howard*, *supra*, 16 Cal.4th at page 1088.

8.

"Here, however, after defendant pleaded guilty …, the court actually sentenced her to a four-year prison term, but suspended *execution* of that sentence during the probationary period. Unlike the situation in which sentencing itself has been deferred, where a sentence has actually been imposed but its execution suspended, 'The revocation of the suspension of execution of the judgment brings the former judgment into full force and effect ….' [Citations.] [¶] … [¶]

"… [S]ection 1203.2, subdivision (c), and [former] rule 435(b)(2), by their terms, limit the court's power in situations in which the court chose to impose sentence but suspended its execution pending a term of probation. On revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect [citations], subject to its possible recall under section 1170, subdivision (d), *after* defendant has been committed to custody." (*Howard*, *supra*, 16 Cal.4th at pp. 1087-1088, fn. omitted.)

In response to the defendant's argument use of the word "may" in section 1203.2, subdivision (c) gave the trial court discretion to reduce her punishment, the Supreme Court stated: "In our view, section 1203.2, subdivision (c), merely gives the court discretion, on revocation and termination of probation, either (1) to revoke the *suspension of sentence* and commit the probationer to prison for the term prescribed in the suspended sentence, or (2) to decline to revoke the suspension or to order confinement. If the court does order a prison commitment, however, both section 1203.2, subdivision (c), and [former] rule 435(b)(2) consistently set forth the rule that the previously suspended judgment shall 'be in full force and effect.' [¶] Therefore, we conclude that, if the court has actually imposed sentence, and the defendant has begun a probation term representing acceptance of that sentence, then the court has no authority, on revoking probation, to impose a lesser sentence at the precommitment stage." (*Howard*, *supra*, 16 Cal.4th at pp. 1094-1095.)

The Attorney General does not contend *Howard*'s holding is limited to cases involving the downward modification of an imposed but suspended sentence upon revocation of probation. (See *People v. Ramirez*, *supra*, 159 Cal.App.4th at pp. 1417, 1424-1425 [holding *Howard* also precludes upward modification of such a sentence after

9.

probationer's rearrest on probation violation].) Rather, she argues that because the eight-month term was an unlawful sentence at the time of execution, *Howard*'s limitations on a court's authority do not apply. She says interpreting *Howard* to mandate execution of that sentence "would require the court to recognize as lawful a sentence that the Legislature [by specifying the appropriate sentence for a violation of Health and Safety Code section 11350, subdivision (a)] has clearly designated as unauthorized."

It is true, "'[w]hen a court pronounces a sentence which is unauthorized by the [applicable] Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court.' [Citation.] 'When an illegal sentence is vacated, the court may substitute a proper sentence, even though it is more severe than the sentence imposed originally'. [Citations.]" (*People v. Hunt* (1982) 133 Cal.App.3d 543, 564; accord, *People v. Serrato* (1973) 9 Cal.3d 753, 764, disapproved on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.) "[A] sentence is generally 'unauthorized' where it could not lawfully be *imposed* under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354, italics added.) The problem with the Attorney General's argument is that, as she recognizes, the eight-month sentence was lawful when it was imposed.

We agree that if only case No. 2 had been before the court when sentence was imposed in 2009, an eight-month term would have been unauthorized and subject to correction. We do not agree, however, that the Legislature intended such a sentence to be deemed unauthorized under the narrow circumstances presented here. Rather, we view subdivision (c) of section 1203.2 as evidencing a clear legislative intent to limit the trial court's authority in such circumstances to ordering the *existing* judgment into "full force and effect." The statute does not say the court may do so only if such judgment would constitute an authorized sentence if imposed for the first time upon termination of probation.

The Attorney General cites us to *In re Renfrow* (2008) 164 Cal.App.4th 1251 (*Renfrow*). In that case, the defendant pled no contest to felony assault and admitted a great bodily injury enhancement. The trial court suspended imposition of sentence and placed the defendant on probation. When the defendant subsequently admitted violating his probation, the court revoked probation, imposed the middle term of three years for the assault conviction, suspended execution of that sentence, and reinstated the defendant on formal probation. The court did not mention the enhancement. When the defendant later admitted again violating probation, the prosecutor agreed to a five-year disposition, consisting of the mitigated two-year term for the assault plus three years for the enhancement. The court revoked probation, declined the defendant's request to strike the enhancement, and ordered execution of an aggregate term of five years. (*Id*. at pp. 1253-1254.) The defendant subsequently claimed the five-year term was an unlawful increase in the sentence that was previously imposed and suspended. Citing *Howard*, the superior court agreed. The People appealed, claiming the trial court's failure to impose or dismiss the enhancement when it suspended execution of sentence constituted an unauthorized sentence that later was properly corrected. (*Renfrow*, *supra*, at p. 1254.)

The appellate court agreed with the People, observing that the failure to impose or strike an enhancement constitutes a legally unauthorized sentence subject to correction, even if the correction results in harsher punishment. (*Renfrow*, *supra*, 164 Cal.App.4th at p. 1254.) The court found *Howard* not controlling, because it "— and the statute and rule of court upon which it relied — governs a *lawful sentence* imposed and suspended pending the completion of probation. It did not address an unauthorized sentence that was imposed but suspended." (*Renfrow*, *supra*, at p. 1256.)

While we agree with *Renfrow*'s reading of *Howard*, the opinion is inapposite because — unlike the situation that exists in defendant's case — the sentence imposed and suspended in *Renfrow* was unauthorized *ab initio*. Such clearly was not the situation here.

11.

We have been unable to find any case presenting the precise factual scenario before us. Several are instructive, however.

In *People v. Scott* (2014) 58 Cal.4th 1415, the California Supreme Court held that for purposes of the Legislature's enactment of section 1170, subdivision (h), which directs that certain felony offenders be incarcerated in the county jail rather than state prison, and applies "prospectively to any person sentenced on or after October 1, 2011" (*id*., subd. (h)(6)), "a defendant is 'sentenced' when a judgment imposing punishment is pronounced even if execution of the sentence is then suspended. A defendant is not sentenced again when the trial court lifts the suspension of the sentence and orders the previously imposed sentence to be executed." (*People v. Scott*, *supra*, at p. 1423; accord, *People v. Montrose* (2013) 220 Cal.App.4th 1242, 1247.) The state high court observed: "Admittedly we did not consider in *Howard* the court's authority under the Realignment Act to change the location of where a defendant is to serve a previously imposed term of incarceration — at the time of *Howard* all felony sentences were to be served in state prison. Nevertheless, *Howard* establishes that when a court elects to impose a sentence, a judgment has been entered and the terms of the sentence have been set even though its execution is suspended pending a term of probation." (*People v. Scott*, *supra*, at p. 1424.)

*People v. Mora* (2013) 214 Cal.App.4th 1477 also dealt with when a defendant is "sentenced" for purposes of section 1170, subdivision (h). The appellate court stated: "The imposition of the sentence is equated with entry of a final judgment. [Citations.] Once a sentence is imposed, the trial court does not have jurisdiction to modify or change the final judgment and is required to order that judgment into execution. [Citations.] [¶] When the trial court revoked [the defendant's] probation and executed her sentence on May 17, 2012, it lacked jurisdiction to modify the sentence committing her to state prison for two years. [Citations.] Because [the defendant] was sentenced to state prison before

12.

October 1, 2011, her commitment to state prison upon revocation of probation does not violate the Realignment Act." (*People v. Mora*, *supra*, at p. 1482.)[7]

From the foregoing cases, we conclude that when, as here, a lawful sentence is imposed but execution thereof is suspended and the defendant is placed on probation, *the exact sentence* must be ordered executed if probation is subsequently revoked. A trial court is without jurisdication to do anything else, even if, during the probationary period, circumstances change so that the sentence would be unauthorized if it were being imposed in the first instance.[8]

---

[7] The Attorney General argues the "prescribed statutory punishment[]" required the trial court to impose a term of imprisonment in the county jail for 16 months, two, or three years pursuant to section 1170, subdivision (h). Defendant, however, was sentenced July 20, 2009. His probation was revoked and terminated after October 1, 2011. Section 1170, subdivision (h) was not applicable. (§ 1170, subd. (h)(6); *People v. Scott*, *supra*, at pp. 1418-1419, 1423-1424.)

[8] We recognize that because sentence was imposed in more than one case in 2009, defendant was given an aggregate term of imprisonment. It has been held that an "aggregate prison term cannot be viewed as a series of separate independent terms, but rather must be viewed as one prison term made up of interdependent components [so that t]he invalidity of some of those components necessarily infects the entire sentence." (*People v. Savala* (1983) 147 Cal.App.3d 63, 68-69, disapproved on another ground in *People v. Foley* (1985) 170 Cal.App.3d 1039, 1044, 1046-1047; see *People v. Hayes* (1992) 3 Cal.App.4th 1238, 1250, fn. 8 [when appellate court reverses conviction underlying principal term, trial court retains jurisdiction over entire cause to modify sentence by computing new principal term].) Here, however, neither component of defendant's sentence was invalid; rather, the principal term imposed in case No. 1 could not be ordered executed because the probationary period in that case had expired by the time probation was terminated in case No. 2.

13.

## **DISPOSITION**

The revocation and termination of probation are affirmed. Sentence is vacated, and the matter is remanded to the trial court with directions to resentence defendant in accord with this opinion.[9]

_____
                          DETJEN, J.

WE CONCUR:


_____

LEVY, Acting P.J.


_____

KANE, J.

---

[9] It is possible that by the time remittitur issues in this case, defendant will have been resentenced pursuant to section 1170.18. Should that be the case, the trial court will be free to determine whether our remand for resentencing is moot.