Filed 4/29/16  P. v. Johnson CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY JOHNSON,<br><br>Defendant and Appellant. | B262603<br><br>(Los Angeles County<br>Super. Ct. No. LA061528) |

APPEAL from an order of the Superior Court of Los Angeles County.  Martin L. Herscovitz, Judge.  Affirmed.

Katharine Eileen Greenbaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Stephanie A. Miyoshi and William N. Frank, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Anthony Johnson was convicted of willfully inflicting corporal injury upon the mother of his child (Pen. Code, § 273.5) and sentenced to probation. Subsequently, he was convicted, in federal district court, of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)), and sentenced to federal prison. After he was released from prison, he was arrested on a bench warrant for violating probation. In light of his federal conviction, he admitted a violation. Defendant sought reinstatement of probation; instead, the trial court sentenced him to prison. Defendant appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, defendant was convicted, in two separate cases, of being a felon in possession of a firearm in violation of Penal Code former section 12021, subdivision (a)(1); and carrying a concealed firearm on his person in violation of Penal Code former section 12025, subdivision (a)(2).

In 2009, defendant committed the act of domestic violence that led to his probationary sentence. He went to pick up his child from the house of the child's mother. He and the victim argued, and the argument turned physical. Defendant punched the victim on the jaw with a closed fist. He then proceeded to choke her; she felt like she was going to pass out. The victim yelled for her son to call the police. She also grabbed a knife. Defendant then released her and backed out of the home.

Defendant entered a plea of no contest and was found guilty. He was sentenced to formal probation for 5 years, to include 365 days in jail. The terms of probation also included: completing a domestic violence counseling program; obeying all laws and orders of the court; keeping probation advised of his residence at all times; and not owning or possessing any firearms.

Initially, defendant complied with the terms of probation. He served his jail time, and completed the required domestic violence counseling. He made some payments toward his fines and the other financial obligations of probation.

2

In June 2013, his probation was summarily revoked for his failure to appear in court in relation to a traffic matter. Probation was reinstated and he was admonished to address the traffic matter.

In August 2013, defendant's probation was summarily revoked again. A bench warrant was issued. Unbeknownst to the court – or the probation department – defendant had been arrested by the Drug Enforcement Agency on a federal warrant. Thirteen months later, defendant entered his guilty plea in federal court to felon in possession of a firearm. He received an 18-month sentence, plus an additional 3 years of supervised release. While in prison, defendant completed his G.E.D.

In December 2014, defendant was arrested on the bench warrant for the probation violation. He admitted the violation. The hearing on whether probation would be reinstated was repeatedly continued, first to allow the court to obtain a supplemental probation report, and later at defendant's request.

The hearing on defendant's probation revocation was ultimately held on January 8, 2015. Defendant sought reinstatement. The probation report recommended reinstatement, but argued that probation be modified so that defendant serve "suitable time in custody." The prosecutor argued that defendant "should do some time." However, defense counsel represented that the prosecutor's supervisor had previously indicated that probation reinstatement would be appropriate. The trial court considered all positions, but concluded that it could not "in good conscience, put the defendant back on probation based upon what's gone on in this case, both originally and since being placed on probation." Defendant was sentenced to the low term of two years in prison.

## DISCUSSION

"Sentencing choices such as the one at issue here, whether to reinstate probation or sentence a defendant to prison, are reviewed for abuse of discretion. 'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.' [Citation.] A court abuses its discretion 'whenever the

3

court exceeds the bounds of reason, all of the circumstances being considered.' [Citation.] We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the offense and the defendant to be sentenced.' [Citation.]" (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910.) The trial court may consider the defendant's probation performance when deciding whether to reinstate probation after a violation. (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1316; *People v. White* (1982) 133 Cal.App.3d 677, 681.)

Defendant argued the trial court abused its discretion in not reinstating probation. We disagree. Defendant had two firearm offenses prior to the current domestic violence offense. While on probation for the domestic violence, he committed a third firearm offense. Firearms and domestic violence are a lethal combination; the court's concern that defendant continued his possession of prohibited weapons despite being on probation was legitimate. This is not a case where the defendant engaged in exemplary performance on probation and had one minor slip-up. Defendant already had his minor slip-up when he failed to appear for the traffic matter. Instead, he possessed a firearm, which he knew was against the law (as he was a felon) and further constituted a violation of the express terms of his probation. Sentencing him to prison under these circumstances did not exceed the bounds of reason.

## DISPOSITION

The order revoking probation and sentencing defendant to prison is affirmed.


RUBIN, J.

WE CONCUR:


BIGELOW, P. J.                                    GRIMES, J.


4