Filed 7/18/16  P. v. Coleman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C079299 |
| Plaintiff and Respondent, | (Super. Ct. Nos. NCR78898, NCR79248, NCR80183, NCR80240) |
| v. | |
| LUKEUS NATHAN COLEMAN, | |
| Defendant and Appellant. | |

Following defendant Lukeus Nathan Coleman's no contest plea to multiple charges in 2011, the trial court sentenced him to seven years eight months in prison, suspended execution of the sentence, and placed him on probation for a period of three years.  In 2015, defendant admitted to a probation violation and the trial court revoked his probation and ordered execution of the previously imposed but suspended sentence.  On appeal, defendant contends that the trial court abused its discretion in revoking his

1

probation and ordering execution of the sentence. He further contends that his conviction for transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) must be reversed and remanded in light of the recent amendments to Health and Safety Code section 11379. We disagree and affirm the judgment.

BACKGROUND[1]

In 2010, four cases were filed against defendant in the Tehama County Superior Court. In case No. NCR78898, defendant was charged with one count of receiving stolen property (Pen. Code, § 496, subd. (a)).[2] In case No. NCR79248, defendant was charged with three counts of receiving stolen property (§ 496, subd. (a); counts I-III), one count of possession of a destructive device (former § 12303; count IV), one count of possession of a destructive device in and near a private habitation and other public place ordinarily passed by human beings (former § 12303.2; count V), one count of possession of paraphernalia used for smoking a controlled substance (Health & Saf. Code, § 11364, subd. (a)); count VI), and one count of possession of an explosive device (Health & Saf. Code, § 12305; count VII). In case No. NCR80183, defendant was charged with one count of transportation of a controlled substance—methamphetamine (Health & Saf. Code, § 11379, subd. (a)). In case No. NCR80240, defendant was charged with one count of grand theft of personal property (§ 487, subd. (a); count I), and one count of receiving stolen property (§ 496, subd. (b); count II).

On February 3, 2011, defendant pleaded no contest to counts I through III and VII in case No. NCR79248, count I in case No. NCR78898, count I in case No. NCR80183, and counts I and II in case No. NCR80240. He also admitted the special allegations

---

[1]    We dispense with the facts underlying the offenses defendant was charged with as they are unnecessary to resolve this appeal.

[2]    Undesignated statutory references are to the Penal Code.

2

alleged in case Nos. NCR80183 and NCR80240; namely, that he committed the offenses while released from custody on bail or recognizance (§ 12022.1).

On November 7, 2011, defendant was sentenced to an aggregate term of seven years eight months in prison. The execution of defendant's sentence was suspended and he was placed on probation for a period of three years on specified terms and conditions. Among other things, defendant was required to obey all laws, and was prohibited from associating with any illegal substance abuser and from using or possessing any unlawful substance. The record on appeal contains no indication that defendant appealed from the trial court's sentencing order.

On January 8, 2014, the probation officer filed a petition for revocation of probation in each of the four cases. The petition was based on defendant having been arrested for possession of stolen property in Butte County and for being in the company of a person who possessed methamphetamine and drug paraphernalia. Following a motion by the district attorney, the petition for revocation of probation was withdrawn and dismissed on February 26, 2014.

On September 10, 2014, the probation officer filed a second petition for revocation of probation in each of the four cases. The petition was based on defendant possessing burglary tools, committing a petty theft, possessing a controlled substance, and being in the company of a known drug abuser.[3] On November 6, 2014, an amended petition for revocation of probation was filed, adding the allegation that defendant had submitted a urine sample that tested positive for methamphetamine on September 2, 2014.

On February 27, 2015, defendant admitted to violating a condition of his probation by testing positive for methamphetamine. On May 4, 2015, defendant's probation was

---

[3]    Police officers found a digital scale in defendant's car with white crystal residue on it and a plastic bag containing 13 grams of methamphetamine.

revoked.  The trial court ordered execution of the previously imposed but suspended sentence of seven years eight months in prison.

Defendant filed a timely notice of appeal.

DISCUSSION

A.    *Revocation of Probation*

Defendant contends that the trial court abused its discretion by revoking his probation and imposing the previously imposed but suspended sentence.  We disagree.

"Section 1203.2, subdivision (a), authorizes a court to revoke probation if the interests of justice so require and the court, in its judgment, has reason to believe that the person has violated any of the conditions of his or her probation.  [Citation.]  ' "When the evidence shows that a defendant has not complied with the terms of probation, the order of probation may be revoked at any time during the probationary period.  [Citations.]" [Citation.]' [Citation.]" (*People v. Urke* (2011) 197 Cal.App.4th 766, 772, fn. omitted (*Urke*).)

"We review a probation revocation decision pursuant to the substantial evidence standard of review [citation], and great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court.  [Citations.]' [Citation.]" (*Urke, supra*, 197 Cal.App.4th at p. 773.)  " 'The discretion of the court to revoke probation . . . will not be disturbed in the absence of a showing of abusive or arbitrary action.  [Citations.]' [Citation.]" (*Ibid*.)  " ' "[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation . . . ." ' [Citation.]  And the burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant. [Citation.]" (*Ibid*.)

Here, defendant admitted to violating a condition of his probation by testing positive for methamphetamine.  On appeal, he contends that such a violation was not

4

sufficiently serious to warrant revocation of probation and execution of the previously imposed but suspended sentence. According to defendant, the trial court had many reasonable alternative sanctions available, including additional time in local custody or modification of the terms of his probation to require him to complete drug counseling. Defendant claims the trial court's failure to impose a less punitive sanction constituted an abuse of discretion.

We discern no error. Defendant was on probation in four felony cases with multiple felony counts and was the beneficiary of a lenient sentence. He faced a maximum penalty of more than 10 years in prison, but was only sentenced to seven years eight months. The trial court suspended execution of the sentence and placed defendant on probation for a period of three years. In imposing such a lenient sentence, the trial court advised defendant that he was given "quite a chance," and that he would only be given "this one chance." The record reflects that defendant failed to comply with the conditions of his probation and repeatedly failed to take responsibility for his conduct.

In connection with the sentencing hearing in 2011, the probation officer recommended state prison because "[p]robation would serve little purpose and[,] in light of [defendant's] unwillingness to accept any responsibility[,] it may be seen as unduly generous."[4] When asked by the probation officer about his positive drug test on September 2, 2014, defendant blamed the result on Adderall rather than his use of

---

[4]    In his report, the probation officer stated: "[D]efendant absolutely denied that he was guilty and said he was hounded by the sheriff's office for reasons he could not explain. He lied to the officers in the face of evidence and passed on the opportunity to be forthright with this writer. The defendant has a modest criminal record, but his utter lack of remorse and belief that he was wrongfully persecuted does not bode well for success on probation." At the time of sentencing, defendant denied a need for drug treatment services. As a consequence, he was not placed in a drug treatment program.

5

methamphetamine.[5] Defendant told his probation officer he could not recall the last time he used methamphetamine, stating: " 'It has been a while, that's all in the past.' " In support of his conclusion defendant was no longer suitable for probation, the probation officer explained: "Lengthy suspended prison sentences for [defendant's] numerous convictions have not deterred his criminal behavior. Despite his guilty plea, the defendant does not accept responsibility for his probation violations. He continues to deny any substance abuse problem despite his drug related convictions, testing positive for methamphetamine, and recent arrest for possession of methamphetamine. Additionally, he . . . trespassed on private property . . . with the intent to steal property. Clearly, he remains a threat to the property of others."

Under the circumstances presented, we conclude the trial court did not abuse its discretion in revoking defendant's probation and imposing the previously imposed but suspended sentence of seven years eight months in prison. This is not a " ' "very extreme case" ' " where the trial court's decision to revoke probation is an abuse of discretion. (*Urke, supra*, 197 Cal.App.4th at p. 773.)

B. *Transportation of Methamphetamine Conviction*

Defendant contends that under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the recent amendments to Health and Safety Code section 11379 (transportation of methamphetamine) should be applied retroactively to reverse his drug transportation conviction in case No. NCR80183. The People concede the point. Because we conclude the rule established in *Estrada* does not apply, we do not accept the People's concession.

Among other things, Health and Safety Code section 11379 provides that any person who "transports" specified controlled substances including methamphetamine shall be punished by imprisonment. (Health & Saf. Code, § 11379, subd. (a).) Courts

---

[5]     Defendant did not provide his prescription for Adderall to his probation officer.

6

had interpreted the word "transports" to include transport of controlled substances for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 134-135; *People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677.) But the Legislature recently amended Health and Safety Code section 11379 to define "transports" as transport for sale.[6] (Health & Saf. Code, § 11379, subd. (c); Stats. 2013, ch. 504, § 2.) The amendment took effect on January 1, 2014. (See Health & Saf. Code, § 11379.)

Defendant relies on the rule of retroactivity set forth in *Estrada* to support his contention that his drug transportation conviction in case No. NCR80183 should be reversed. The rule established in *Estrada* is an exception to the general rule that no part of the Penal Code is retroactive. (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195-1196.) Under that rule, a legislative amendment that lessens criminal punishment is presumed to apply to all cases not yet final, unless there is a saving clause providing for prospective application. (*Estrada, supra*, 63 Cal.2d at pp. 742, 744.) "The key date is the date of final judgment. If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies." (*Id.* at p. 744.) A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari have expired. (*People v. Kemp* (1974) 10 Cal.3d 611, 614; see also *People v. Vieira* (2005) 35 Cal.4th 264, 306.)

We conclude that the rule of retroactivity established in *Estrada* does not apply. While there is no savings clause in the amendments to Health and Safety Code section 11379, defendant's conviction for transportation of methamphetamine became final prior to the effective date of the amendments. On November 7, 2011, defendant was sentenced to seven years eight months in prison. The execution of sentence was suspended and

---

[6]     According to the author, the purpose of the amendments was to limit felony drug transportation charges to individuals involved in drug trafficking. (See Assem. Com. on Public Safety, Rep. on Assem. Bill No. 721 (2013-2014 Reg. Sess.) Apr. 15, 2013, p. 2.)

7

defendant was placed on probation for a period of three years. The trial court's 2011 order suspending execution of sentence pending a period of probation was an appealable order.[7] (See § 1237, subd. (a); *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) Defendant, however, did not file an appeal from that order. Instead, he appeals from the trial court's 2015 order revoking his probation and ordering execution of the previously imposed but suspended sentence. Thus, the rule established in *Estrada* is inapplicable. The amendments to Health and Safety Code section 11379 took effect on January 1, 2014, long after defendant's sentence became final and unappealable. (See *People v. Ramirez, supra*, 159 Cal.App.4th at p. 1421 ["[W]hen a court imposes sentence but suspends its execution at the time probation is granted, a defendant has the opportunity to challenge the sentence in an appeal from the order granting probation. [Citation.] If the defendant allows the time for appeal to lapse during the probationary period, the sentence becomes final and unappealable. [Citation.]"]; see also *People v. Martinez* (2015) 240 Cal.App.4th 1006, 1011-1012.)

---

[7] In *People v. Scott* (2014) 58 Cal.4th 1415, our Supreme Court explained: "[A] defendant is 'sentenced' when a judgment imposing punishment is pronounced even if execution of the sentence is then suspended. A defendant is not sentenced again when the trial court lifts the suspension of the sentence and orders the previously imposed sentence to be executed." (*Id.* at p. 1423.)

DISPOSITION

The judgment is affirmed.

      NICHOLSON      , Acting P. J.

We concur:

      HULL      , J.

      DUARTE      , J.