Filed 7/28/16  P. v. Garcia CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ERNESTINE GARCIA,<br><br>        Defendant and Appellant. | B267403<br><br>(Los Angeles County<br>Super. Ct. No. PA076294) |

APPEAL from an order of the Superior Court of Los Angeles County. Daniel B. Feldstern, Judge.  Affirmed.

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Robert M. Snider, Deputy Attorney Generals, for Plaintiff and Respondent.

\* \* \* \* \* \*

Ernestine Garcia (defendant) appeals the trial court's order redesignating as a misdemeanor her felony conviction of petty theft with a prior. Specifically, she claims that the court should have applied her excess custody credits against the one-year parole term the court imposed to follow her jail sentence on the redesignated misdemeanor. This argument was recently rejected by our Supreme Court in *People v. Morales* (2016) 63 Cal.4th 399 (*Morales*). We accordingly affirm.

## FACTS AND PROCEDURAL HISTORY

In 2013, defendant entered a plea to a felony count of petty theft with a prior (Pen. Code, § 666, subd. (a))[1], and admitted that she had a prior "strike" conviction within the meaning of our Three Strikes law (§§ 667, subds. (b)-(j) &1170.12, subds. (a)-(d).) The trial court imposed a 32-month prison sentence.

Thereafter, defendant petitioned to have her 2013 felony conviction redesignated as a misdemeanor pursuant to the Safe Neighborhoods and Schools Act (Proposition 47). In May 2015, the trial court granted the petition, redesignated the offense as misdemeanor shoplifting (§ 459.5), and imposed a sentence of 365 days in jail (offset by 280 days of actual custody credit and an unspecified number of days of good time/work time credits to be calculated by the County jail or Department of Corrections) to be followed by one year of parole.

In August 2015, defendant filed a motion to correct her sentence, arguing that (1) the maximum sentence for shoplifting was six months in jail, not one year, and (2) the trial court should apply her excess custody credits against her one-year parole term. The trial court indicated that it had "incorrectly reclassified" the crime as shoplifting, designated the misdemeanor offense as a count of petty theft with a prior, and reaffirmed its previously imposed one-year jail sentence as lawfully within the one-year maximum for a conviction of petty theft with a prior. The court also determined that defendant was entitled to 508 days of custody credit (consisting of 254 days of actual credit plus 254

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

days of good time/work time credit), but refused to credit the 143 days over and above the length of her jail sentence against her parole term.

Defendant timely appeals.

## DISCUSSION

Defendant argues that the trial court erred in refusing to apply her 143 days of excess custody credits to reduce the one-year parole term the court imposed as part of its resentencing under Proposition 47. This is a question of statutory interpretation, subject to our independent review. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)

The People assert that we may not reach this question because we lack jurisdiction to hear this appeal. Specifically, the People contend that the trial court's September 2015 order is effectively an order denying defendant's request to modify the court's May 2015 resentencing order and, as such, is not an appealable order. (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34, fn. 1 ["an order denying a motion to modify the judgment in a criminal case is not an appealable order"].) However, it is well settled that a trial court has to power to correct an """"unauthorized . . . sentence . . . *whenever* the mistake is appropriately brought to the attention of the court." [Citation.]'" (*People v. Martinez* (2015) 240 Cal.App.4th 1006, 1015, italics added.) In this case, the court's May 2015 sentence was unauthorized because it imposed a 365-day jail sentence on a crime (shoplifting) with a 180-day maximum. (§ 19; *People v. Scott* (1994) 9 Cal.4th 331, 354 ["legal error resulting in an unauthorized sentence commonly occurs where the court violates mandatory provisions governing the length of confinement"].) Consequently, defendant's appeal is properly before us.

Her appeal is nevertheless without merit. Proposition 47 provides that a defendant "who is resentenced . . . shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as a part of its resentencing order, releases the person from parole." (§ 1170.18, subd. (d).) Defendant asserts that the "credit for time served" she earned should be credited against the one-year parole term the court may impose. For support, she cites section 2900.5, which provides that any time a defendant spends in custody

3

"shall be credited upon his or her term of imprisonment" (*id.*, subd. (a)), which is defined to "includ[e] any . . . period of imprisonment *and parole* (*id.*, subd. (c), italics added). (Accord, *In re Sosa* (1980) 102 Cal.App.3d 1002, 1006 [holding that section 2900.5 requires excess custody credits to be applied against a parole term].)

In *Morales*, *supra*, 63 Cal.4th 399, our Supreme Court confronted—and rejected— the precise argument defendant raises. In coming to this conclusion, the Court reasoned that (1) the plain language of Proposition 47 does not require excess custody credits to be applied against the parole term, (2) the voter materials in support of Proposition 47 said "nothing about credit for time served" and instead assured voters that "'[o]ffenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement,'" and (3) applying excess custody credits against the one-year parole term contemplated by Proposition 47 would "reduce or eliminate" parole "in many" cases, thereby "curtail[ing] or eliminat[ing]" the discretion Proposition 47 purports to vest in trial courts to decide whether a period of parole is appropriate. (*Id.* at pp. 405-409.) *Morales* considered and rejected the argument that section 2900.5 or *In re Sosa* dictate a different result. (*Id.* at pp. 405-407.)

Nor does defendant's sentence of one year of jail and one year of parole violate Proposition 47's bar against "imposition of a term longer than the original sentence" (§ 1170.18, subd. (e)) because this new sentence is shorter than her original 32-month prison sentence.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN

_____, J.
ASHMANN-GERST

4