Filed 8/25/20  P. v. Rios CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C086711 |
| Plaintiff and Respondent, | (Super. Ct. No. 62155609) |
| v. | OPINION ON TRANSFER |
| ARMANDO DAVID RIOS, | |
| Defendant and Appellant. | |

Defendant Armando David Rios pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378)[1] and admitted an enhancement for a prior conviction for selling methamphetamine (§ 11370.2, subd. (c)).  He was sentenced to a stipulated four-year four-month split term consisting of 20 months in jail and 32 months of mandatory supervision.

---

[1]      Undesignated statutory references are to the Health and Safety Code.

1

After defendant subsequently admitted to violating the terms of his mandatory supervision, the trial court imposed 120 days of custody with 96 days of credit. The court subsequently denied his motion to dismiss the enhancement pursuant to Senate Bill No. 180 (Senate Bill 180).

On appeal, defendant contends the trial court erred in denying his motion to dismiss the enhancement. In our original opinion, we found the trial court lacked jurisdiction to rule on the motion because defendant's conviction was already final as to the enhancement, and accordingly dismissed the appeal.

The California Supreme Court subsequently granted defendant's petition for review and transferred the case back to us with directions to vacate our opinion and reconsider the cause in light of a case decided after our original opinion, *People v. McKenzie* (2020) 9 Cal.5th 40 (*McKenzie*). We conclude *McKenzie* does not require us to abandon or change our original conclusion. It reaffirms the rule that an order granting probation but suspending imposition of sentence is not a final judgment for the purpose of applying the retroactivity rule of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).) *McKenzie* has no bearing on the rule we applied in this case, that a sentence imposed but execution suspended becomes final for the purpose of *Estrada* if that order is not appealed. Since *McKenzie* does not change the result, we again affirm the judgment.

DISCUSSION[2]

Defendant pleaded no contest on February 23, 2016, and was sentenced the same day.[3] At the time of his sentencing, section 11370.2, subdivision (c) authorized a three-

---

**2**     We dispense with the facts of defendant's crime as they are not relevant to this appeal. We incorporate additional relevant procedural facts in our analysis of defendant's contention.

**3**     Defendant was originally sentenced in Sacramento County Superior Court. His case was transferred to Placer County on August 28, 2017. The transfer has no bearing on the merits of this case.

year enhancement for a defendant convicted of possession or possession for sale of certain controlled substances "for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11380, whether or not the prior conviction resulted in a term of imprisonment." (Former § 11370.2, subd. (c); Stats. 1998, ch. 936, § 1.) Defendant did not appeal his conviction.

In October 2017, the Governor signed Senate Bill 180, which amended section 11370.2 by removing most of the drug offenses that gave rise to a three-year enhancement. (Stats. 2017, ch. 677, § 1.) As of January 1, 2018, only a prior conviction where the defendant used a minor in its commission (§ 11380) gives rise to such an enhancement. (Stats. 2017, ch. 677, § 1.) Defendant does not have a prior conviction for a violation of section 11380.

Defendant admitted to violating his mandatory supervision on February 6, 2018. He also moved to dismiss the enhancement in light of the changes to section 11370.2 following Senate Bill 180. The trial court denied the motion, finding Senate Bill 180 did not apply to him because his conviction was final before it took effect.

Defendant contends Senate Bill 180 applied retroactively to his case when he made his motion. Since his section 11370.2 enhancement is no longer applicable to him under the amended statute, he concludes that it should be dismissed.

A penal statute generally does not apply retroactively unless the legislation expressly states its retroactive effect or if there is "a clear and compelling implication" that the Legislature intended such a result. (*People v. Hayes* (1989) 49 Cal.3d 1260, 1274; Pen. Code, § 3.) There is an exception to this rule for statutes reducing the punishment for crime, which, absent a statement to the contrary, apply retroactively to all cases that were not final when the legislation takes effect. (*Estrada, supra,* 63 Cal.2d at p. 744.)

Senate Bill 180 contains no statement regarding retroactivity. (*People v. Chamizo* (2019) 32 Cal.App.5th 696, 700.) As a measure decreasing punishment for crime, it applies to all cases not final on its effective date.

The sentence is the judgment in a criminal case. (*People v. Wilcox* (2013) 217 Cal.App.4th 618, 625.) If the defendant does not appeal, then the judgment is final in 60 days. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1420-1421; see Cal. Rules of Court, rule 8.308(a).) This rule applies as well when the trial court imposes sentence, suspends execution, and places the defendant on probation. In such case, the sentence imposed when defendant was placed on probation becomes final if not appealed from, and cannot be altered if probation is subsequently terminated. (*People v. Martinez* (2015) 240 Cal.App.4th 1006, 1017.)

For the purposes of determining finality, defendant's split sentence is analogous to a sentence imposed with execution suspended. Mandatory supervision is authorized by Penal Code section 1170, which provides that a court "shall *suspend execution* of a concluding portion of the term for a period selected at the court's discretion." (Pen. Code, § 1170, subd. (h)(5)(A), italics added; see also *People v. Borynack* (2015) 238 Cal.App.4th 958, 963 ["Under this subdivision, mandatory supervision is achieved by suspending execution of the concluding portion of the realigned sentence"].) Therefore, a judgment was rendered when the trial court imposed the split term on February 23, 2016, and it became final 60 days thereafter, as defendant did not appeal. Accordingly, the amendments to section 11370.2 contained in Senate Bill 180 do not apply to his sentence. (*People v. Grzymski* (2018) 28 Cal.App.5th 799, 806, review granted Feb. 13, 2019, S252911.)

Defendant argues his sentence was not final when he made his motion because the trial court retained the authority to revoke, modify, or terminate his mandatory supervision pursuant to Penal Code sections 1170, subdivision (h), 1203.2, subdivisions (a) and (b), and 1203.3.

4

Penal Code section 1170, subdivision (h)(5) authorizes imposition of a split sentence under which the sentence is served "partly in county jail and partly under the mandatory supervision of the county probation officer." (*People v. Scott* (2014) 58 Cal.4th 1415, 1418-1419.) A trial court has "authority at any time during the term of mandatory supervision . . . to revoke, modify, or change the conditions of the court's order suspending the execution of the concluding portion of the supervised person's term." (Pen. Code, § 1203.3, subd. (a).)

Defendant argues that *People v. Camp* (2015) 233 Cal.App.4th 461 (*Camp*) demonstrates his sentence was not yet final because it could still be modified by the trial court. In that case, the court read Penal Code section 1203.3, subdivision (b)(1)(A), as "authorizing a court to modify a defendant's 'sentence' in revoking or modifying mandatory supervision. [Citation.]" (*Camp*, at p. 471.) This was dicta, as *Camp* held only that a trial court has the authority under Penal Code section 1170, subdivision (h)(5)(B) to terminate the defendant's mandatory supervision early without ordering the defendant to serve the suspended portion of the sentence. (*Camp*, at pp. 464, 471.)

In support of the dicta regarding modification of the sentence, the *Camp* court stated, "[Penal Code] section 1203.3, subdivision (b)(1)(A) expressly states that a court *may* modify a defendant's 'sentence' or a 'term or . . . condition of mandatory supervision.' [Citations.]" (*Camp, supra*, 233 Cal.App.4th at p. 470.) Penal Code section 1203.3, subdivision (b) imposes limits on "[t]he exercise of the court's authority in subdivision (a) to revoke, modify, or change probation or mandatory supervision, or to terminate probation." The portion of subdivision (b) *Camp* relies on states: "If the sentence or term or condition of probation or the term or any condition of mandatory supervision is modified pursuant to this section, the judge shall state the reasons for that modification on the record." (Pen. Code, § 1203.3, subd. (b)(1)(A).) Subdivision (a) of Penal Code section 1203.3 first recites the court's authority to revoke or modify the terms of probation and then, with respect to mandatory supervision pursuant to Penal Code

5

section 1170, subdivision (h)(5)(B), authorizes the court "to revoke, modify, or change the conditions of the court's order suspending the execution of the concluding portion of the supervised person's term." Thus, subdivision (b) does not expand the court's authority to allow for modification of a judgment that is already final.

"Even if a trial court has authority to terminate mandatory supervision without ordering that the suspended portion of the sentence be served, as *Camp* held, it does not follow that the sentence is therefore not a final judgment under *Estrada*." (*People v. Grzymski, supra*, 28 Cal.App.5th at p. 807, review granted Feb. 13, 2019, S252911.) A leading authority on California sentencing law comes to a similar conclusion. "If the court does reserve jurisdiction to adjust the circumstances of release, such authority undoubtedly does not include the right to change the length of the original sentence. Once made, that is a sentencing decision that cannot be changed unless the court has the authority to recall the sentence under authority similar to [Penal Code] section 1170[, subdivision] (d)." (See Couzens & Bigelow, Felony Sentencing After Realignment (May 2017) p. 16, at <http://www.courts.ca.gov/partners/documents/felony_sentencing.pdf > [as of August 21, 2020], archived at: < https://perma.cc/E3HB-K64N>.) We do as well. The authority to modify a split term by ending mandatory supervision early without requiring the defendant to serve the remainder of the term does not authorize a trial court to modify the original sentence imposed by striking an enhancement.[4]

---

[4] The other cases defendant relies on for this point, *People v. Antolin* (2017) 9 Cal.App.5th 1176 and *People v. Eagle* (2016) 246 Cal.App.4th 275, are inapposite. In *Antolin*, the Court of Appeal held the trial court lacked authority to modify an 11-year term to a split sentence once the sentence was executed. (*Antolin,* at p. 1178.) While it recognized the trial court's authority to modify split terms under the relevant provisions in the Penal Code (*id.* at p. 1181), *Antolin* did not address what effect, if any, this authority had on the finality of the original sentence under *Estrada*. *Eagle* addressed the retroactive application of a statute reducing punishment for a crime to a case not final on appeal. (*Eagle*, at pp. 278-279.) It has no bearing on this case.

6

*McKenzie* does not change our analysis. *McKenzie* addressed the following question: "[W]hether a convicted defendant who is placed on probation after imposition of sentence is suspended, and who does not timely appeal from the order granting probation, may take advantage of ameliorative statutory amendments that take effect during a later appeal from a judgment revoking probation and imposing sentence." (*McKenzie, supra*, 9 Cal.5th at p. 43.) In November 2014, the defendant in *McKenzie* was placed on probation with imposition of sentence suspended following his plea to various felony drug offenses and admitting four prior section 11370.2 drug convictions. (*Ibid*.) Probation was revoked and the defendant sentenced to prison in June 2016. (*Ibid*.) About a month after the Court of Appeal affirmed the conviction with minor modifications, Senate Bill 180 was signed; the defendant petitioned for review; the Supreme Court granted review and remanded with directions to vacate and consider Senate Bill 180. (*McKenzie,* at pp. 43-44.) The Court of Appeal held the defendant could take advantage of the revised section 11370.2, and the Supreme Court granted the Attorney General's petition for review. (*McKenzie,* at p. 44.)

As we have found in this case, the Supreme Court concluded the changes to section 11370.2 applied retroactively to nonfinal judgments under *Estrada*. (*McKenzie, supra*, 9 Cal.5th at pp. 44-45.) The Attorney General argued the relevant cutoff point for determining finality under *Estrada* was the defendant's initial plea to the crimes and the section 11370.2 enhancements. (*McKenzie,* at p. 46.) The Supreme Court found the Attorney General erred in assuming the term " 'judgment of conviction' " as used in *Estrada* referred "only to 'underlying' convictions and enhancement findings, exclusive of sentence. In criminal actions, the terms 'judgment' and " 'sentence' " are generally considered 'synonymous' [citation], and there is no 'judgment of conviction' without a sentence [citation]." (*McKenzie,* at p. 46.) In addition, the Attorney General's argument was also inconsistent with cases holding that an order granting probation may by itself be final for the purposes of filing an appeal, but was not, by itself, deemed a final judgment

7

for any other purpose. (*Id*. at pp. 46-47; see, e.g., *People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 796; *People v. Flores* (1974) 12 Cal.3d 85, 94.)

Based on this analysis, the Supreme Court held that the defendant's failure to appeal from the original order granting probation did not preclude him from receiving the benefit of Senate Bill 180. (*McKenzie, supra*, 9 Cal.5th at p. 48.) The Supreme Court also rejected various arguments from the Attorney General based on sentencing policy and estoppel. (*Id*. at pp. 48-51.) It found that rejecting the estoppel argument was consistent with *Estrada* and the legislative intent of Senate Bill 180 to repeal an extreme punishment so as to free up funds to invest in other means of reducing crime and to reduce racial disparity in sentencing. (*McKenzie,* at p. 51.) The Supreme Court concluded the Court of Appeal was correct to apply Senate Bill 180 to defendant and affirmed. (*Id*. at pp. 51, 52.)

*McKenzie* is inapplicable because here defendant was sentenced and judgment was thereby rendered in the initial order imposing the four-year split term. Defendant's failure to appeal that proceeding rendered his conviction final before Senate Bill 180 went into effect. Although a court still has some ability to modify or terminate the term of mandatory supervision, *McKenzie* did not address this distinction, and therefore cannot dissuade us from our original conclusion that a defendant who receives a split term is sentenced at the time that result is imposed by the trial court. While *McKenzie* invoked the legislative intent behind Senate Bill 180 in rejecting certain arguments from the Attorney General, the intent behind this legislation did not inform the Supreme Court's *Estrada* retroactivity analysis, which was based on the necessity of a sentence for a final criminal judgment. Since the section 11370.2 enhancement was final before Senate Bill 180 took effect, the trial court was without authority to strike the enhancement as defendant requested. We shall therefore dismiss the appeal. (*People v. Chamizo, supra*,

8

32 Cal.App.5th at p. 701.)[5]  In light of our dismissal, we decline to address the Attorney General's contention that the appeal should be dismissed for failure to obtain a certificate of probable cause because it attacks a stipulated sentence.  (See *People v. Hurlic* (2018) 25 Cal.App.5th 50, 53 [no certificate of probable cause needed where claim involves change in the law reducing punishment for crime in case involving no contest plea with stipulated sentence]; *People v. Fox* (2019) 34 Cal.App.5th 1124, 1127, review granted July 31, 2019, S256298 [coming to contrary conclusion].)

DISPOSITION

The appeal is dismissed.


_____/s/_____
BLEASE, Acting P. J.


We concur:



_____/s/_____
MURRAY, J.



_____/s/_____
DUARTE, J.

_____

**5**      Although the order subjecting defendant to a period of incarceration is appealable, defendant does not contest that decision.  Furthermore, the trial court rendered its decision denying defendant's motion to strike the enhancement almost two weeks after ordering the incarceration.  He therefore appeals a nonappealable order, the denial of his request to strike the enhancement pursuant to Senate Bill 180.