Filed 5/14/25  P. v. Lawrence CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>HERBERT LAWRENCE,<br><br>   Defendant and Appellant. | B336096<br><br>(Los Angeles County<br>Super. Ct. No. TA142542) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge.  Reversed with directions.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.

_____

Herbert Lawrence shot an unarmed man multiple times at a gas station.  (*People v. Lawrence* (Apr. 10, 2010, B285102) [2019 WL 1552366] [nonpub. opn.].)  A jury convicted him in August 2017 of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)),[1] possession of a firearm by a felon (§ 29800, subd. (a)), and attempted voluntary manslaughter (§§ 192, subd. (a), 664) as a lesser included offense of attempted murder.  The jury found true allegations Lawrence personally used a firearm, within the meaning of section 12022.5, subdivision (a), and personally inflicted great bodily injury, within the meaning of section 12022.7, subdivision (a).  In a bifurcated proceeding, Lawrence admitted that he had a prior conviction for a serious or violent felony, within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and that he served three prior prison terms, within the meaning of section 667.5, former subdivision (b).

The trial court sentenced Lawrence to an aggregate prison term of 35 years four months, consisting of the upper term of nine years on the conviction for assault with a semiautomatic firearm, doubled under the three strikes law, plus the upper term of 10 years for the firearm-use enhancement and three years for the great-bodily-injury enhancement; one year four months (one-third the middle term of two years, doubled under the three strikes law) on the conviction for possession of a firearm by a felon; and three one-year terms for the prior prison term enhancements under section 667.5, former subdivision (b).  On the conviction for attempted voluntary manslaughter the court stated, "I'm going to stay it, pursuant to [section] 654."

---

[1]     Statutory references are to the Penal Code.

In November 2022 Lawrence was identified as potentially eligible for resentencing under amendments to section 667.5, subdivision (b), that invalidated prior prison term enhancements for all convictions other than for certain sexually violent offenses. (See *People v. Morelos* (2022) 13 Cal.5th 722, 769; *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 320, fn. 6.) The superior court held a resentencing hearing under section 1172.75 and struck the three one-year prior prison term enhancements. Counsel for Lawrence asked the court, as part of the resentencing, to impose the middle term of three years on the conviction for assault with a semiautomatic firearm, strike the prior serious or violent felony conviction under the three strikes law, and resentence Lawrence to an aggregate prison term of 10 years eight months.

The superior court resentenced Lawrence to the same prison terms on the convictions for assault with a semiautomatic firearm and possession of a firearm by a felon, imposed the same terms for the firearm-use and great-bodily-injury enhancements, and resentenced Lawrence to an aggregate prison term of 32 years four months. The court did not mention, or impose a sentence on, the conviction for attempted voluntary manslaughter. Lawrence timely appealed.

Lawrence makes three arguments on appeal. He is pretty much right on all of them.

First, Lawrence argues the superior court erred in not imposing a sentence on his conviction for attempted voluntary manslaughter. The People concede, and we agree, the court erred. At the sentencing hearing in 2017 the trial court stated it was staying the sentence on that conviction under section 654. The trial court, however, should have imposed a sentence on that

conviction and stayed execution of it.  (See *People v. Jones* (2012) 54 Cal.4th 350, 353 [the correct procedure "'is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which section 654 is applicable'"]; *People v. Ellis* (2025) 108 Cal.App.5th 590, 602 [same]; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1466 ["when a trial court determines that section 654 applies to a particular count, the trial court must impose sentence on that count and then stay execution of that sentence"].)  At the resentencing hearing in 2023 the superior court did not impose a sentence (stayed or otherwise) on Lawrence's conviction for attempted voluntary manslaughter.  This, too, was error.  (See *People v. Martinez* (2015) 240 Cal.App.4th 1006, 1012 ["[a] sentencing court has a duty to impose the punishment prescribed by law [citation], and has no discretion to deviate from the statutorily specified penalty"]; see also *People v. Green* (2024) 104 Cal.App.5th 365, 373 ["'"section 1172.75 requires a full resentencing"'"].)

Second, Lawrence argues that at the resentencing hearing the superior court did not impose any fines or fees, that the abstract of judgment states the court imposed various fines and fees, and that the former controls over the latter.  The People concede, and we agree, Lawrence is correct.  (See *People v. Leon* (2020) 8 Cal.5th 831, 855 ["Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error."]; *People v. Revels* (2021) 71 Cal.App.5th 376, 387 ["'Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.'"].)  The superior court on

remand must ensure the abstract of judgment accurately lists the fines and fees, if any, the court imposes.

Third, Lawrence argues the superior court erred in failing at the resentencing hearing to recalculate his custody credits. The People concede, and we agree, this was error. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 ["when a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody"]; *People v. Salgado* (2022) 82 Cal.App.5th 376, 381 [same]; see also *People v. Sek* (2022) 74 Cal.App.5th 657, 673 [trial court must "update defendant's credits for actual time served between the original sentencing hearing and the resentencing hearing"].) When counsel for Lawrence stated at the resentencing hearing "the court has to put on the record the total credit for the time that [Lawrence has] been sentenced, including the presentencing credit," the court stated, "Generally what I've done in the past on these hearings is I say, 'Department of Corrections [and Rehabilitation] to determine the defendant's credits." The court's practice is inconsistent with the law: It is the court, not the prison or jail authorities, that must calculate the defendant's custody credits. (*Buckhalter*, at p. 41; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012.)

The judgment is reversed. The superior court is directed to resentence Lawrence, including on his conviction for attempted voluntary manslaughter; to determine which, if any, fines and fees the court is imposing and to ensure the abstract of judgment accurately reflects the court's judgment; to recalculate

Lawrence's custody credits; and to prepare a new abstract of judgment and send it to the Department of Corrections and Rehabilitation.


                                    SEGAL, Acting P. J.


We concur:



          FEUER, J.



          STONE, J.