Filed 3/12/26  P. v. Yu CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C102920 |
| Plaintiff and Respondent, | (Super. Ct. No. 62166376) |
| v. | |
| ANTHONY YU, | |
| Defendant and Appellant. | |

Defendant Anthony Yu appeals from his resentencing following remand from this court.  In his second appeal, defendant contends the trial court erred when it imposed the full term for his attempted torture conviction (Pen. Code, §§ 664/206)[1] and when it imposed the full one-year weapon-use enhancement (§ 12022, subd. (b)(1)), on his criminal threat conviction (§ 422, subd. (a)) instead of one-third the enhancement.  He

---

[1] Undesignated statutory references are to the Penal Code.

1

also contends the trial court failed to calculate his credits for actual days in custody and requests that we remand with instructions for the court to do so.

We agree the trial court erred when it imposed the full one-year term for the enhancement and will modify the judgment to reflect a term of four months. Our review of the record also disclosed an error in the abstract of judgment for fees imposed. We will modify the judgment to correct the error. We will also order a limited remand for the trial court to calculate defendant's credits for actual days in custody and direct the court to amend the abstract of judgment to reflect the corrected credits and fees.

I.

BACKGROUND

A discussion of the facts underlying defendant's convictions is unnecessary. We summarize only the facts pertinent to the sentencing issues he raises in this appeal.[2]

Following a jury trial, defendant was convicted on one count of attempted torture (§§ 664/206), one count of assault with a deadly weapon (§ 245, subd. (a) (1)), two counts of criminal threats (§ 422, subd. (a)), two counts of felony child abuse (§ 273a, subd. (a)), assault with force likely to inflict great bodily injury (§ 245, subd. (a)(4), two counts of misdemeanor child abuse (§ 273a, subd. (b)), one count of false imprisonment (§ 236), two counts of attempt to dissuade a witness by force or threat (§ 136.1, subd. (c)(1)), four counts of dissuading a witness from reporting a crime (§ 136.1, subd. (b)(2)), two counts of violating a protective order (§ 166, subd. (c)(1)(a)), two counts of lewd or lascivious acts on a child under 14 (§ 288, subd. (a)), and three counts of forcible lewd or lascivious acts on a child under 14 (§ 288, subd. (b)(1)). In connection with count four, one of his criminal threat convictions, the jury found true that defendant personally used

---

[2] On the court's own motion, we incorporate by reference our unpublished opinion in defendant's prior appeal. (*People v. Yu* (Feb. 2, 2024, C096075) [nonpub. opn.] (*Yu*).)

a deadly or dangerous weapon, a knife. (§ 12022, subd. (b)(1)). The jury also found true several other special allegations and aggravating circumstances. (*Yu*, *supra*, C096075.)

The trial court sentenced defendant to an aggregate term of 63 years 2 months. (*Yu*, *supra*, C096075.) Defendant timely appealed.

In his first appeal, a different panel of this court reversed defendant's convictions on two counts of dissuading a witness from reporting a crime for insufficiency of the evidence. This court also found that the trial court erred when it did not stay punishment on four counts under section 654. With the exception of the two convictions that were reversed, the judgment was affirmed and remanded so the trial court could exercise its discretion under section 654. (*Yu*, *supra*, C096075.)

*Resentencing on Remand*

At resentencing, the trial court sentenced defendant to an aggregate term of 56 years. The court dismissed the two counts that this court reversed.

Based on section 654, the court stayed the sentences on four of defendant's convictions: two convictions for felony child abuse, a conviction for assault with a deadly weapon, and a conviction for assault with force likely to inflict great bodily injury. The court selected the attempted torture conviction, count one, as the principal term and imposed the middle term of seven years. The remaining sentences and enhancements were left in place.

Defendant timely appealed.

## II.

## DISCUSSION

In this appeal, defendant raises three issues. He contends that under section 1170.1, the consecutive seven-year sentence for count one should be modified to one-third the seven-year term instead of the full term. Defendant makes the same argument regarding the one-year weapon-use enhancement for count four, contending it should be modified to four months. Finally, he contends that, at resentencing, the trial court erred

3

when it did not calculate his credits for actual days in custody and asks us to remand with directions for the court to do so.

The People agree with defendant in part. Specifically, they agree that the use of a weapon enhancement should be modified to four months or one-third the term and the trial court erred when it did not calculate defendant's credits for actual days in custody between his original sentencing and resentencing. They disagree, however, that defendant's sentence for count one should be modified. Under section 1170.1, they argue the court was required to impose the full middle term of seven years on that count because it was the principal term. We conclude the People have the better argument.

A.

Unauthorized Sentence

"A sentencing court has a duty to impose the punishment prescribed by law [citation], and has no discretion to deviate from the statutorily specified penalty." (*People v. Martinez* (2015) 240 Cal.App.4th 1006, 1012, citing § 12.) When the trial court has imposed a sentence that " 'could not lawfully be imposed under any circumstance in the particular case,' " it has imposed an unauthorized sentence that must be corrected even if raised for the first time on appeal. (*People v. Anderson* (2020) 9 Cal.5th 946, 962.)

*Section 12022, Subdivision (b) Enhancement*

The parties agree the trial court erred when it imposed the full one-year enhancement for use of a knife on count four. We concur.

Defendant was convicted of two or more felonies. Section 1170.1, subdivision (a) required the trial court to select a principal term and designate the terms for his other convictions as subordinate terms. (*People v. Nguyen* (1999) 21 Cal.4th 197, 202.) The conviction carrying the greatest term of imprisonment is designated the principal term. (*Ibid*; § 1170.1, subd. (a).) For the conviction designated as the principal term, the court

4

must impose the full term. (*Nguyen*, at p. 202.) Subordinate terms and their applicable enhancements receive one-third of the middle term. (*Ibid*.)

Here, at resentencing, the trial court designated count four as a subordinate term and imposed one-third the middle term. In doing so, section 1170.1, subdivision (a) required the court to impose one-third of the term for any enhancement applicable to that count. The applicable enhancement was the one-year enhancement under section 12022, subdivision (b)(1), which means the trial court was required to impose only four months. (§ 1170.1, subd. (a).) Instead, it imposed the full one-year enhancement which was error.

Accordingly, we modify the judgment to impose a term of four months for the section 12022, subdivision (b)(1) enhancement on count four.

*Section 1170.1 Principal Term*

In his opening brief, defendant argued that the trial court erred in imposing a full middle term on count one, the attempted torture conviction, because it had already designated count twenty-five, one of defendant's three convictions for forcible lewd acts on a child, as the principal term. The trial court, therefore, was required to impose one-third the middle term for count one. After reviewing *People v. Pelayo* (1999) 69 Cal.App.4th 115, defendant appears to concede that count one is the proper principal term under section 1170.1, subdivision (a). He contends, however, that the trial court did not state at resentencing that it selected count one as the principal term and the amended abstract does not reflect that it did so.

Although the court did not use the phrase "principal term," it was evident from its imposition of the full term that it designated count one as the principal term under section 1170.1, subdivision (a). That selection was proper because this conviction had the greatest term of imprisonment among the convictions to which section 1170.1 applied.

As the People point out, section 667.6, subdivision (d) "removes the trial court's discretion to impose a more lenient sentence under section 1170.1" where a defendant commits "two or more violent sex crimes . . . against more than one victim or . . . against

5

the same victim on more than one occasion." (*People v. Pelayo*, *supra*, 69 Cal.App.4th at p. 124.) Therefore, the court could not designate any of defendant's three convictions for forcible lewd acts against a child under 14 as a principal or subordinate term under section 1170.1, subdivision (a). (*Pelayo*, at p. 124.) Because his conviction for count one had the greatest term of imprisonment, it was the only choice from the remaining convictions. (§§ 667.6, subd. (d), 1170.1, subd. (a).)

We conclude the trial court did not err when it imposed the full middle term of seven years on count one, and the amended abstract of judgment accurately reflects the full term imposed on that count.

B.

Custody Credits

The parties agree the trial court erred when it failed to calculate and award defendant credits for his actual days in custody from the day after he was originally sentenced up to and including the date of his resentencing. We agree with the parties.

Section 2900.1 "specifies that when a sentence is modified while in progress, the 'time' already served 'shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) "[H]aving modified defendant's sentence on remand, [the trial court] was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time." (*Ibid*.)

Here, the trial court erred when it did not calculate defendant's credits for his actual days in custody from the day after it originally sentenced him up to and including the day it resentenced him. (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 37.) We remand with instructions for the trial court to calculate defendant's credits for his actual days in custody and amend the abstract of judgment to reflect those calculations.

## C.

## Abstract of Judgment

The jury convicted defendant on 23 counts. At defendant's original sentencing, the trial court imposed a $30 facilities assessment (Gov. Code, § 70373) and a $40 court operations assessment (§ 1465.8) for each conviction. On remand, the court dismissed counts seventeen and twenty-one, the two convictions this court reversed on appeal, leaving 21 convictions. The trial court failed to amend the assessments, leaving 23 of each assessment rather than 21 to reflect the new number of convictions.

We may order the correction of abstracts of judgment that do not accurately reflect the oral pronouncements of sentencing courts. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We may also correct assessments that do not involve a discretionary sentencing choice and result in an unauthorized sentence. (See *People v. Smith* (2001) 24 Cal.4th 849, 854.) Therefore, we direct the trial court to correct the abstract of judgment so that it accurately reflects the $30 facilities assessments and the $40 court operations assessments for defendant's remaining 21 convictions. (*Mitchell*, at pp. 185-186.) In the interest of judicial economy, we make the corrections without having requested supplemental briefing. A party claiming to be aggrieved by this procedure may petition for rehearing. (Gov. Code, § 68081.)

## III.

## DISPOSITION

We modify the judgment to reflect a term of four months for the section 12022, subdivision (b) enhancement on count four, and order the trial court to correct the abstract of judgment to reflect the modified sentence. We also modify the judgment to reflect the court operations assessment and the facilities assessment for defendant's 21 convictions and order the trial court to correct the abstract of judgment to reflect the accurate fees. We order a limited remand for the trial court to calculate defendant's

7

credits for his actual days in custody and amend the abstract of judgment to reflect that calculation.  In all other respects, the judgment is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
EARL, P. J.

/s/
DUARTE, J.

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8